KAHN, J.T.C.
Taxpayer seeks relief for errors in assessments on its property, currently designated as Block 124, Lot 54, on the municipal tax map. Taxpayer instituted two actions on August 15, 1984; one in the Tax Court and one in the Superior Court, which were later consolidated in the Tax Court. The original Tax Court action, filed pursuant to N.J.S.A. 54:51A-7, sought, correction of the tax records for 1981, 1982 and 1983, as well as, the appropriate tax refunds. The Superior Court complaint in lieu of prerogative writs, filed pursuant to N.J.S.A. 54:4-54, sought correction of the tax records and the appropriate tax refunds for the years 1968 to 1983. Taxpayer subsequently amended this request and now seeks the relief only for the years 1976 to 1983.
Taxpayer is not the owner of the subject property, but occupies the property as a lessee and as such is responsible for paying all property taxes.
All relevant facts were presented in a stipulation of facts and joint exhibits which included various maps, assessment cards, tax ledgers and the deposition of the former assessor. A summary of the facts follows.
The 1930 tax map designates the subject property as Lot 33A-21B and lists its size as .96 acres. The adjoining lots are designated as 33A-21A and 33A-20 and contain a combined total of 4.55 acres. In 1968 a subdivision plat was filed, the *73 corrected copy of which separates the acreage of Lots 33A-21A and 33A-20 into 1.752 and 3.902 acres respectively, the total of which is 4.65 acres, or .10 acres more than that which was listed on the 1930 tax map. The 1978 tax map changes the designation of the subject property to Block 124, Lot 54, and the adjoining two lots are combined as Block 124, Lot 53. The acreage of the lots is identical to that listed in the 1930 tax map.
In 1968 the property record card listed the subject property as 1.75 acres. From 1969 through 1976 the tax ledger indicated that the lot contained .8 acres. The 1977 tax ledger indicated that the lot contained 1.75 acres of land, and this acreage was used until 1984.
In 1984 taxpayer discovered the fact that the subject property consisted of actually .96 acres instead of 1.75 acres as assessed and notified the tax assessor, who modified the records.
The relevant statutes provide as follows. N.J.S.A. 54:51A-7, titled “Correction of Errors,” states, in part:
The tax court may, upon the filing of a complaint at any time during the tax year or within the next 3 tax years thereafter, by a property owner, a municipality or a county board of taxation, enter judgment to correct typographical errors, errors in transposing, and mistakes in tax assessments, provided that such complaint shall set forth the facts causing and consituting the error or errors and mistake or mistakes, or either thereof sought to be corrected and that such facts be verified by affidavits submitted by the plaintiff. The tax court shall not consider under this section any complaint relating to matters of valuation involving an assessor’s opinion or judgment.
N.J.S.A. 54:4-54, titled “Correction of errors; assessment against or payment on wrong property; refund,” states in part:
Where by mistake property real or personal has been twice entered and assessed on the tax duplicate, the governing body of the taxing district or county board of taxation may order and cause the tax record to be corrected and if the tax has been twice paid the governing body of the taxing district shall refund the excess payment without interest. Where by mistake an assessment intended for one parcel has been placed upon another, the governing body may cancel the erroneous assessment, return without interest any money paid by one not the owner of the parcel intended to be assessed, and enter upon the record the assessment and tax against the proper parcel, after a hearing upon five days’ notice to the owner. Where one person has by mistake paid the tax on the property of another supposing it to be his own, the governing body after *74 a hearing, on five days’ notice to the owner, may return the money paid in error without interest and restore the record of the assessment and tax against the property in the name of the true owner, provided the lien of the tax has not expired and no transfer or encumbrance has been put on the record against the property since the date of the payment in error.
Taxpayer contends that in 1977 the subject property was improperly designated as Lot 33A-21, the adjoining lot on the 1930 tax map, and was incorrectly assigned the acreage to that lot on the 1977 tax ledger. It is also alleged that from 1978, when the new tax map was issued, until 1983 this incorrect acreage was continued on the ledgers. Taxpayer urges that the correction of error statutes are designed to remedy this type of situation and that it is therefore entitled to the relief requested. Taxpayer claims that the error qualified under N.J.S.A. 54:51A-7 as a mistake in assessment and under N.J. S.A. 54:4-54 as the assessment intended for one property and placed on another.
The municipality contends that the mistake was not of the type intended to be covered by the correction of errors statutes and is only addressable through the ordinary appeals process to the county board of taxation or Tax Court as an error in valuation. It contends that under both N.J.S.A. 54:51A-7 and 54:4-54 the matter relates to the assessor’s opinion or judgment, thereby rendering the statutes inapplicable.
The issues are narrowed to the following. Under N.J.S.A. 54:4-54 was the mistake herein related to whole or partial duplication of assessments or was it an error in the description of the property? Under N.J.S.A. 54:51A-7 was this a mistake in assessment relating to a mathematical or technical error or was it an error in judgment?
The most notable cases dealing with N.J.S.A. 54:4-54 are Farmingdale Realty Co. v. Farmingdale, 55 N.J. 103, 259 A.2d 708 (1969) and McShain v. Evesham Tp., 163 N.J.Super. 522, 395 A.2d 251 (Law Div.1978). In Farmingdale Realty Co., the municipality had assessed certain property belonging to taxpayer’s president to both the taxpayer and its president. Certain other properties belonging to taxpayer were added in twice in *75 computing the tax bill. The Supreme Court directed that under the first sentence of the statute judgment be entered directing correction of the tax record, fixing the amount of excess taxes paid and ordering a refund of same. In commenting on the applicability of this statute, the court noted:
Of course, the provision would not be applicable where the mistake related not to whole or partial duplication of assessments, but to an error in the description of the property, as for example its size or the nature of the building thereon, which resulted in an incorrect assessment. Such mistakes go essentially to valuation and are remediable by appeal to the county board. [Id., 55 N.J at 110, 259 A. 2d 708]
In McShain, the township had assessed certain property to plaintiff, who was not the true owner. Upon discovering its mistake, the township assessed the property to both the true owner and plaintiff. For the latter situation, the court held that plaintiff was entitled to relief under the first sentence of N.J.S.A. 54:4-54 since the lot was twice entered and assessed. For the former situation, where plaintiff alone paid the taxes on the property, the court held that the third sentence applied and plaintiffs were entitled to relief since they had “by mistake, paid the tax on the property of another supposing it to be (their) own.” McShain, supra, 163 N.J.Super. at 526, 395 A.2d 251.
N.J.S.A. 54:4-54 presents three situations which warrant relief: (1) when property has been twice entered and assessed; (2) when an assessment intended for one parcel has been placed on another; and (3) when one person has by mistake paid the tax on the property of another supposing it to be his own. I find that situations (1) and (3) are inapplicable. The evidence demonstrates that only one assessment and tax bill were entered for the property in question and that this property was in fact occupied by taxpayer. Therefore, there has been no double entry for this parcel; nor has taxpayer paid the tax on another’s property. Situation (2) seems at first glance to be pertinent to this situation. Taxpayer argues that the assessment for land for its property was intended to be placed on the adjoining property. More specifically, the adjoining parcel contained 1.75 acres, not taxpayer’s lot, and the assessment on the 1.75-acre parcel was intended to be placed on the adjoining lot.
*76 However, the statute was not intended to address this situation. Each of the three situations in the statute anticipates a circumstance where a proper assessment was made but was either placed on the wrong property, billed to the wrong person or placed on the correct property but entered twice. The statute does not anticipate a situation where, as here, an assessment was improperly made and would have to be corrected.
There is no evidence in the record that the assessment on the taxpayer’s neighbor’s lot was placed on taxpayer’s lot. There also was no evidence submitted as to the assessment on the taxpayer’s neighbor’s parcel. The only evidence is that the acreage of the adjoining lot was improperly placed on taxpayer’s. The acreage is only one component of the assessment and, as such, a mistake in acreage is an error in description, and “such mistakes go essentially to valuation and are remediable by appeal to the county board.” Farmingdale Realty Co., supra, 55 N.J. at 110, 259 A. 2d 708.
Numerous cases have dealt with N.J.S.A. 54:51A-7. In Manczak v. Dover Tp., 2 N.J.Tax 529 (Tax Ct.1981), the assessor had assessed the taxpayer’s property as if a basement existed when in fact there was no basement. In denying the requested relief the court held:
The assessor’s use of incorrect data is not a mistake to be remedied under N.J.S.A. 54:2-41 [now N.J.S.A. 54:51A-7], The alleged mistake here involves an assessor’s opinion or judgment. Whether it falls within the type of mistakes the legislature intended by “mistakes in tax assessments” is the dispositive issue. Under the ejusdem generis rule of statutory construction, “mistakes in tax assessments,” should be limited to mistakes like typographical errors and errors in transposing ...
The proper application of the correction of errors statute is to clerical, administrative or ministerial actions after the assessor has made the assessment. The purpose of the statute is to correct errors in the assessment records of a municipality once the assessor has completed his work and then ministerial, clerical or administrative errors occur in the preparation of the assessing records, [Id. at 535-536]
In Bressler v. Maplewood Tp., 190 N.J.Super. 99, 461 A.2d 1218 (App.Div.1983) the assessor had applied the wrong frontage factor when calculating the land value. The court found *77 that the mistake involved the assessor’s opinion or judgment and was not a typographical or transpositional error. Id. at 101, 461 A.2d 1218.
More recently, in McElwee v. Ocean City, 7 N.J.Tax 355, 359 (Tax Ct.1985) the taxpayer had filed a “master deed” with the intention of forming a condominium form of ownership. Taxpayer abandoned this plan and sought to have the erroneous recordation of the master deed corrected. The recordation of the corrected deed was delayed and the property was assessed as a condominium. The court held that if the assessor was mistaken, in utilizing the master deed in formulating his assessment, it was a mistake in judgment, and as such the correction of error statute did not apply. The court also commented on the meaning of the phrase “mistake in tax assessments” as it is used in the statute, stating that “a mistake in tax assessment obviously refers to mistakes similar to the first two enumerated errors, i.e., errors mathematical or technical in nature committed by the assessor or someone within the agency, employment or control of the taxing district.” Id. at 362.
The only published decision which granted relief under this correction of errors statute is Sabella v. Lacey Tp., 188 N.J.Super. 500, 457 A.2d 1220 (App.Div.1983). In that case, the revaluation company had described the property in question as having 580 front feet instead of the actual 58.0 front feet, the error being the result of a misplaced decimal point. The assessor relied on this erroneous information and as a result the assessment was substantially overstated. The taxpayer failed to file a timely appeal to the county board of taxation and, after the late appeal was dismissed, sought relief before the Tax Court under the correction of errors statute. The Tax Court dismissed the complaint, relying on Manczak, supra, finding that since the error occurred in the process of making the assessment, a valuation appeal was warranted. The Appellate Division disagreed and reversed, expressing at the same time disagreement with Manczak.
*78 The Sabella ease again reached the Appellate Division, subsequent to the remand, 204 N.J.Super. 55, 497 A.2d 896 (App.Div.1985) and specifically dealt with the precise issue as in the instant case. That court considered N.J.S.A. 54:51A-7 as remedial legislation requiring liberal construction and concluded as follows:
Nowhere in the matter before us is subjective judgment involved. The concern for “judgment decisions” reflected in Manczak v. Dover Tp., 2 N.J. Tax 529, 535 (Tax Ct.1981), simply does not rear its ugly head here. Nobody’s judgment or opinion influenced the frontage of this property: it was 58.0 feet and not 580. [at 59, 497 A2d 896]
N.J.S.A. 54:51A-7 grants relief for typographical errors, errors in transposing and mistakes in tax assessments. Taxpayer argues that the error occurred in taking the land size from the adjoining lot on the tax map and placing it on taxpayer’s lot on the tax ledger, thereby defining the error as typographical or transpositional. The error also may be defined as a mistake in tax assessment, which, as previously stated, has been termed as “mathematical or technical in nature.”
Taxpayer has failed to demonstrate that the assessment was based only upon the error in the computation of acreage by the assessor. I find that the review of maps and information in the assessor’s office resulted in a judgmental decision not a typographical or transposition error. I find that the assessment in the instant case was not based upon a mistake in the placement of a decimal point or a mistake such as contemplated by the most recent Sabella appellate opinion as requiring relief under N.J.S.A. 54:51A-7. Taxpayer’s appropriate remedy in this situation was to follow the normal appeal process before the county board of taxation. Taxpayer had the opportunity to file an appeal to the county tax board in the normal fashion. Municipalities must have the opportunity to avoid shortfalls in revenues. Avoidance by taxpayers of the normal appeal process should be discouraged.
The consolidated Tax Court complaint and the Superior Court complaint in lieu of prerogative writs shall be dismissed with prejudice and without costs.
*79 The Tax Court Clerk is hereby directed to enter a judgment affirming the assessment as follows:
Land $125,200
Improvements 327,700
Total $452,900