190 N.J. Super. 99 (1983)
461 A.2d 1218
MARTIN AND ROSALIND L. BRESSLER, RICHARD AND KAREN G. COWLES, PLAINTIFFS-APPELLANTS,
v.
TOWNSHIP OF MAPLEWOOD, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted January 10, 1983.
Decided January 26, 1983.
*100 Before Judges KING and McELROY.
Rosalind L. Bressler, attorney for appellants.
Mortimer Katz, attorney for respondent (Nancy C. Ferro, on the brief).
PER CURIAM.
On this appeal plaintiffs property owners claim that they are entitled to relief by correction of error pursuant to N.J.S.A. 54:2-41. The years 1976 through 1979 are involved. The complaint was filed in the Tax Court on December 31, 1979.
The parties concede that plaintiffs' property was erroneously assessed. The premises consisted of a L-shaped single lot, 200 feet wide with an irregular depth of about 250 feet for 105 feet and 200 feet for the remaining 95 feet with a dwelling house and an accessory building.
The assessor applied a frontage factor of 89% rather than 55% when calculating the value of the land. This resulted in an assessment of $34,300 rather than $21,500. The calculation was corrected on the 1980 tax list.
Judge Crabtree denied relief in an oral opinion saying
This is another troublesome correction of error controversy which the Court is called upon to determine the extent of its jurisdiction to correct an alleged error within the meaning of the correction of errors statute, 54:2-41. I find at the outset the facts are as set forth in the stipulation facts filed with this Court and executed on counsel for both parties. I conclude, on the basis of the agreed facts that the disposition of this case is governed by Manczak versus Dover Township, 2 New Jersey Tax 529, Tax Court 1981.
While the facts in Manczak differ, from the facts in the case before the Court this morning I find the difference to be of no significance. The error complained of here was in the nature of an error in judgment and it was part of the process by which the assessor determined the assessment to be made against the land. Accordingly, as the purpose of the statute is to correct errors in assessment *101 records, once the assessor has completed his work, the error complained of here is not cognizable under the statute.
Proper application, as Judge Rimm pointed out in Manczak at 536, was to clerical, administrative or ministerial actions after the assessor had made the assessment. For the foregoing reasons I will [order] the entry of judgment dismissing the plaintiffs' complaint.
We affirm for the reasons stated by Judge Crabtree. See Manczak v. Dover Tp., 2 N.J. Tax 529, 535 (1981). The alleged mistake here involved the assessor's opinion or judgment. This was not a typographical or transpositional error. The construction urged by appellants would permit correction of assessment based on incorrect information. This would permit bypassing the normal appeal procedure and extend the appeal deadline contrary to legislative purpose. Id. at 534.
Affirmed.