LARIO, J.T.C.
Ocean City has moved for summary judgment to dismiss plaintiffs’ complaint filed pursuant to N.J.S.A. 54:51A-7 (correction- of error in real property tax assessment) alleging that plaintiffs have failed to state a claim upon which relief can be granted in that the error alleged is not one which falls within the provisions of this statute.
The facts as alleged by plaintiffs are as follows:
Plaintiffs are the owners of a residential beach-front property identified on the tax map as Block 2500, Lot 3, and known as 2513 Wesley Avenue, Ocean City, New Jersey. In 1983 plaintiffs constructed on their lot an improvement which is a two-story detached residential building, containing a complete separate apartment on each floor. On July 27, 1983, plaintiffs executed a “master deed” with the intention of establishing a condominium form of ownership of the subject property pursuant to the provisions of N.J.S.A. 46:8B-1, et seq. (Condominium Act). The deed was recorded on August 8, 1983 in the office of the clerk of Cape May County in deed book 1535, page 1.
Plaintiffs further allege that prior to the creation of the condominium association, a non-profit corporation, and prior to the recording of the master deed, they decided not to establish the condominium form of ownership and that the deed had been recorded erroneously by Congress Title Corporation. The Bobette Condominium Association, Inc., the entity to which the property was to be transferred, was never created by plaintiffs. Upon learning of the erroneous recordation plaintiffs undertook *359 to have the mistake corrected. They allege that on August 10, 1983, a corrective revocation deed was delivered to Congress Title Corporation for recording but for some unknown reason this deed was not recorded until January 26, 1984.
Plaintiffs’ complaint states that the property was assessed for the tax year 1984 “as a condominium,” at land—$233,500; improvements—$154,600; total—$388,100 and that an added assessment was placed for four months for the tax year 1983. Plaintiffs demand that they are entitled to relief from an erroneous property assessment for the year 1984 and four months of 1983 due to inadvertent clerical errors in the recording of the master deed and the delayed recording of the revocation deed. No assessment figure to which the assessment should be corrected for either 1984 or prorated for 1983 are stated; instead, the request for relief claims: “The tax refund claimed cannot be determined until the erroneous tax assessment status is corrected and the property is correctly assessed as a two-family residence instead of a condominium.” The correction of errors complaint was filed with this court on November 5, 1984.
N.J.S.A. 54:51A-7, pursuant to which this action has been commenced, provides that the tax court may “enter judgments to correct typographical errors, errors in transposing, and mistakes in tax assessments____ The tax court shall not consider under this section any complaints relating to matters of valuation involving an assessor’s opinion or judgment.”
Plaintiffs deny that they are questioning the assessor’s opinion or judgment in this matter; but instead, they claim the erroneous filing of the “condominium deed” and the delayed filing of the corrective revocation deed, constitute a “mistake in tax assessment” covered by this act.
Initially, plaintiffs are incorrect in their request for relief, to wit: to change the property’s status from that of a condominium to a two-family residence. Where relief is granted upon a correction of errors complaint, this court enters judgment correcting the amount of the assessment. The as *360 sessment in this matter is alleged to be $388,100.[1] If an adjustment is directed the correcting judgment would be a stated dollar amount and not a description of the property or its status.
Secondly, I find that under the facts alleged there does not exist a mistake as contemplated by this correction of error statute. In support of their position, plaintiffs rely upon the Appellate Division opinion in Sabella v. Lacey Tp., 188 N.J.Super. 500, 457 A.2d 1220 (App.Div.1983) wherein it stated: “It is likely that this particular statute, being remedial and prophylactic, should be liberally construed____” Id. at 503, 457 A.2d 1220. Plaintiffs allege that as a result of the title company’s mistake, defendant assessed the improvement as two condominiums and this is erroneous in that it should have been assessed singly as a two-family residence. They further claim since this was a mistake, the statute requires that the mistake be corrected and the municipality should not “collect money from a taxpayer in excess of that which is rightfully due.”
An assessor is required by N.J.S.A. 54:4-23 to annually assess all real property as of October 1 of the pretax year. The statute further directs that:
The assessor shall ascertain the names of the owners of all real property situate in the taxing district and after examination and inquiry, determine the full and fair value of each parcel of real property situate in the taxing district as such price as, in his judgment, it would sell for at a fair and bona fide sale by private contract on October 1. [Emphasis supplied]
In the valuation of real property for local taxation, “[t]he search, of course, is for the fair value of the property, the price a willing buyer would pay a willing seller.” New Brunswick v. Tax Appeals Div., 39 N.J. 537 543 [189 A.2d 702] (1963). Adherence to objective standards for determining true value is required by Art. VIII, § I, par. 1 of the State Constitution of 1947, as well as by N.J.S.A. 54:4-23. As this court observed in Fort Lee v. Hudson Terrace Apts., 175 N.J.Super. 221, 226 [417 A.2d 1124] (App.Div.1980), certif. den. 85 N.J. 459 [427 A.2d 559] (1980), “the focus must be on the value of the property in the market place, without regard to the particular or peculiar circumstances of the owner.”
*361 [Rodwood Gardens, Inc. v. Summit, 188 N.J.Super. 34, 41, 455 A.2d 1136 (App.Div.1982) ]
A fundamental appraisal principle is that a property must be valued at its highest, best and most profitable use. Inmar Associates, Inc. v. Edison Tp., 2 N.J.Tax 59, 64-65 (Tax Ct.1980); American Institute of Real Estate Appraisers, The Appraisal of Real Estate (8 ed. 1983) at 28. A property’s highest, best and most profitable use is a factual matter.
It is the fitness and availability of property for particular uses rather than the fact of actual use which should be given consideration in arriving at its taxable value. In re Appeal of East Orange, 80 N.J.Super. 219, 231, 193 A.2d 377 (App.Div.1963). “But the valuations of properties for local taxation cannot vary with the managerial success or failure of the owners. Adjacent properties of equal potential cannot be assessed differently because one proprietor was more or less astute than the other.” New Brunswick v. Tax App. Div., 39 N.J. 537, 544, 189 A.2d 702 (1963).
In the instant case, the facts available to the assessor on October 1, 1983 establish that the recorded form of ownership of the property was a condominium. On that date the property was legally owned as a condominium and the two units contained therein could have been legally sold separately as such. If the assessor appraised the property as a residential property whereby it could be conveyed as two separate condominiums, he obviously believed its highest, best and most profitable use to be as such. The taxpayers evidently consider its taxable value should have been based upon its being occupied as a two-family duplex without consideration of the fact that each apartment could be separately conveyed as a condominium. Which opinion is correct depends on the evidence presented. Additional issues raised are: where a building may be legally converted from two separate condominium apartments to a single two-family duplex (and vice-versa) by merely filing a deed, does the filing of a conversion deed create a material change in value, and if so, what is the amount thereof. These issues are factual matters *362 and can be resolved only by a plenary valuation hearing; without such, this court cannot determine that the assessment of $388,100 is incorrect.
“Mistakes” in tax assessments as directed by the statute and “incorrect assessments” are not synonymous. Although the statute provides that relief be granted “to correct typographical errors, errors in transposing, and mistakes in tax assessments,” a mistake in tax assessment obviously refers to mistakes similar to the first two enumerated errors, i.e., errors mathematical or technical in nature committed by the assessor or someone within the agency, employment or control of the taxing district.
However, “an incorrect assessment” which is the result of incorrect data relied upon by an assessor in formulating his final opinion of value is not to be corrected under this statute; instead, it is remedial by way of a regular appeal timely filed with the county board under N.J.S.A. 54:3-21. Bressler, et al. v. Maplewood, 190 N.J.Super. 99, 461 A.2d 1218 (App.Div.1983); Flint v. Lawrence Tp., 6 N.J.Tax 97 (Tax Ct.1983).
In arriving at an assessment figure an alleged mistake as to the nature of the improvement and its highest, best and most profitable use is directly related to the building’s final valuation. See Farmingdale Realty Co. v. Farmingdale Boro., 55 N.J. 103, 259 A.2d 708 (1969) where, in reviewing N.J.S.A. 54:4-54, a companion correction of errors statute governing duplicate assessments, the court stated:
Of course, the provision would not be applicable where the mistake related not to whole or partial duplication of assessments, but to an error in the description of the property, as for example its size or the nature of the building thereon, which resulted in an incorrect assessment. Such mistakes go essentially to valuation and are remediable by appeal to the county board, [at 110, 259 A.2d 708; emphasis supplied]
In the present case the issues raised are factual matters. If the assessor’s consideration of the property’s highest, best and most profitable use was in error it was a mistake in judgment which was utilized by him as part of his appraisal data in preparing his final opinion of true value. Since the *363 alleged mistake involves an assessor’s opinion this court is expressly prohibited from considering this complaint under this correction of error statute. Plaintiff’s complaint should have been instituted initially by filing an appeal pursuant to N.J.S.A. 54:3-21 with the county board of taxation where the issue of valuation of these improvements could have received a full review.
Plaintiffs’ additional objection that the municipality may have received money “in excess of that which is rightfully due” was dealt with by former Judge Conley of this court in Flint v. Lawrence Tp., supra. After pointing out that the tax court is not insensitive to situations in which it has denied relief sought pursuant to the correction of errors statute, he stated:
In a large number of these cases the taxing district has conceded that error was made in the assessment process. In many cases the error has been of considerable magnitude. However, in a system which must deal uniformly with well over 2,000,000 assessments each year there is a need to adhere to the regular review process established by the Legislature [N.J.S.A. 54:3-21]. If litigants could avoid this procedure in every case the system would break down. [Id. at 107]
Also, even if it were to be determined that the facts as alleged by plaintiffs constituted a mistake as contemplated by this statute, neither the assessor nor the taxing district in the instant case can be held responsible. If the assessor in arriving at his conclusion of value relied upon the recorded deed and considered the building as of October 1, 1983 to be legally two condominium apartments, then he did not commit an error. The alleged errors were committed by the title company which was acting as agent for plaintiffs and not for defendant. Where the alleged mistake was not committed by the assessor or someone within the employment of, or under the agency or control of, either the assessor or the taxing district it is not a type of mistake contemplated by the Legislature as remediable by N.J.S.A. 54:51A-7.
Defendant’s motion for summary judgment to dismiss plaintiffs’ complaint is granted.

 it is questionable whether the assessment alleged is correct. If the improvement was assessed as two condominiums there should be two separate assessments.