204 N.J. Super. 55 (1985)
497 A.2d 896
THOMAS SABELLA, KAREN SABELLA, JOSEPH CAPPADONNA AND JEANNE CAPPADONNA, PLAINTIFFS-APPELLANTS,
v.
LACEY TOWNSHIP, A MUNICIPAL CORPORATION IN OCEAN COUNTY, NEW JERSEY, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted October 11, 1984.
Decided September 12, 1985.
*57 Before Judges FRITZ, GAULKIN and LONG.
Manna & Kreizman, attorneys for appellants (John D. Crowley, Jr., on the brief).
The opinion of the court was delivered by FRITZ, P.J.A.D.
This is the second time this matter has been before us. The undisputed facts are reported in our opinion at 188 N.J. Super. 500 (App.Div. 1983). Despite the furor our prior opinion produced in the Tax Court, see Flint v. Lawrence Tp., 6 N.J. Tax 97 (Tax Court 1983), and the purported disagreement between Sabella and Bressler v. Maplewood Tp., 190 N.J. Super. 99 (App.Div. 1983) discussed in Flint together with the matter of Tax Court jurisdiction, only one simple issue is involved in this case: if a taxpayer is assessed over four times that which everyone connected with taxation in the municipality concedes he should be because an assessment company failed to put a decimal point in the frontage figure to be applied by the assessor in the assessment, as a result of which he is charged with 580 front feet whereas he really only had 58, is that error correctable in the Tax Court under the correction of errors statute, N.J.S.A. 54:2-41?[1] Conceiving that the original denial of relief in the Tax Court was because of an asserted lack of jurisdiction there since the Tax Court judge said, "I do not have jurisdiction over it ...," 188 N.J. Super. at 502, we declared there was jurisdiction under the correction of errors statute and pointed out that R. 8:2(c) expressly relieved the taxpayer from the burden of exhaustion of administrative remedies by way of appeal to the county board of taxation in such case.[2] We *58 remanded the matter to the Tax Court "for consideration of the complaint on the merits." 188 N.J. Super. at 504.
The Tax Court judge held a new hearing and thereafter filed a written opinion. In this opinion he said our determination in the first Sabella opinion that he "found an `absence of jurisdiction in the Tax Court' to hear the matter as a correction of error matter" was "of course, ... simply not so."[3] The judge concluded his opinion by stating:
The error is not a correctable error in accordance with the definition set forth in Manczak. This definition was not dealt with in the Appellate Division opinion in Sabella v. Lacey Tp., which only addressed jurisdiction, but was expressly approved in Bressler v. Maplewood Tp.

The correction of errors statute refers to typographical errors, errors in transposing and mistakes in tax assessments which occur after the assessor makes his assessment. Any other interpretation would effectively nullify the statute's express interdiction against considering "any application relating to matters of valuation involving an assessor's opinion or judgment." N.J.S.A. 54:2-41.

*59 The Clerk of the Tax Court is directed to enter a judgment dismissing the complaint.
At the outset, we concur that we did not consider the breadth of the correction of errors statute in our earlier opinion, inasmuch as it appeared to us that the matter was dismissed as one of lack of jurisdiction. We did, for reasons there stated, express our persuasion that that statute should be construed liberally, rather than narrowly as the Tax Court believes proper. We adhere to our prior conviction that liberal construction is required in the case of remedial legislation such as this. Carianni v. Schwenker, 38 N.J. Super. 350, 361 (App. Div. 1955); see Service Armament Co. v. Hyland, 70 N.J. 550, 559 (1976). While the remand in this case and the publication of Flint have produced a more perfect understanding in us of the difficulties faced by the Tax Court with respect to attempted evasions of the ordinary appeal process, we think the confining and parochial view applied to this statute on this account should give way to the liberalism adjured by the above cases when the facts, as here, show so clearly an egregious result from an indisputable (and very significant) error.
Viewed from this pinnacle it can be seen that there is no real conflict between Sabella, a jurisdictional matter as the Tax Court judge said on the remand, and Bressler, in which the affirmance of the Tax Court resulted because "[t]he alleged mistake here involved the assessor's opinion or judgment." 190 N.J. Super. at 101. Nowhere in the matter before us is subjective judgment involved. The concern for "judgment decisions" reflected in Manczak v. Dover Tp., 2 N.J. Tax 529, 535 (Tax Court 1981), simply does not rear its ugly head here. Nobody's judgment or opinion influenced the frontage of this property: it was 58.0 feet and not 580. Calling a chihuahua an elephant does not make the animal one and confining a chihuahua to an elephant pound because someone misdescribed the dog would make no less sense than the result in the Tax Court here. Some typist dropped a decimal point. Had a like mistake been made with respect to the dollar value of the assessment after *60 the assessor had filed his assessment even the Tax Court would have granted the relief under the statute. We see little distinction. In his written opinion in this matter, the Tax Court judge said, "The correction of errors statute refers to typographical errors, errors in transposing and mistakes in tax assessments," a precise description of exactly what happened in this case, "which occur after the assessor makes his assessment." We cannot find that latter qualification in the statute.
Divining the intent of the Legislature in the enactment of statutes such as this one requires the presumption by us that the Legislature acted reasonably. N.J. State P.B.A., Local 29 v. Town of Irvington, 80 N.J. 271, 283 (1979). We should construe statutory enactments to provide a reasonable approach if we can. Roman v. Sharper, 53 N.J. 338, 341 (1969). Imputing to the Legislature an intent which will result in a substantial penalty falling upon a party which we can be assured the Legislature never meant to penalize is not consonant with reason and good discretion and we will not do it. Restaurant Enterprises, Inc. v. Sussex Mutual Ins. Co., 52 N.J. 73, 77 (1968). The Tax Court here is not merely sending the taxpayer home empty-handed in this case. It is burdening him with a load four and a half times as heavy as that which he should rightly be bearing. This is not reasonable in view of the obvious attempt by the Legislature to lighten such a burden.
It is no answer to say that the taxpayer could have brought an ordinary appeal. It is from this very obligation, including its time constraints, that the statute was intended to provide relief.
We disagree with neither Manczak nor Bressler to the extent they say that the correction of errors statute was not intended to remedy errors in judgment or opinion. But that is not this case. We also agree with Manczak in its proclamation that "[i]t is the policy of the law to insure the collection of taxes." 2 N.J. Tax at 537. But we do not think that policy statement implies inexorable enforcement whether the taxes are rightly owed or not.
*61 We are not insensitive to the cry in the wilderness of Judge Conley in Flint when, at 6 N.J. Tax 108, he says:
[I]f the Sabella approach were followed by this court, the extraordinary remedy of N.J.S.A. 54:2-41 might quickly become a standard method of review for any taxpayer who could find a factual error on his property record card even several years after his normal appeal time has expired. This potential for abuse as well as for revenue shortfalls in all the taxing districts of New Jersey is self-evident and should be avoided.
This "floodgates" concern is not so self-evident to us, but perhaps that is because we do not sit daily in the Tax Court as did Judge Conley and as does Judge Rimm. From our standpoint, suffice it to say that persons in the same position as the taxpayer before us ought in all fairness to find this "a standard method of review." This is precisely what the Legislature intended. As to others, including those who point to decisions and assessments involving judgment or opinion, we are content that our competent Tax Court judges will quickly weed them out.
We conclude with a final comment respecting Flint. We are not at all out of sympathy with a judge of a trial court who perceives that two different opinions in the Appellate Division are conflicting and he or she must choose between the conflicts. We also agree that in such situation, the proper course is for that judge to choose the alternative which to him or her seems better reasoned, as Judge Conley did and as he points out we did in Seatrain Lines v. Edgewater, 4 N.J. Tax 378 (Law Div. 1982), aff'd 192 N.J. Super. 535 (App.Div. 1983), rev'd on other grounds, 94 N.J. 548 (1983). Beyond these agreements we note that our understanding of Manczak, expressed in Sabella, was much different from that of Judge Conley. He said, "The holding of Manczak ... had nothing to do with Tax Court jurisdiction. In fact, nowhere in Manczak is the nature of the Tax Court's jurisdiction discussed." 6 N.J. Tax at 104. We abstract the following quote from the Manczak opinion:
Even though the Legislature specifically deleted the consent provisions from the statute, consent judgments are favored and should be upheld absent some legal defect in the proceedings. [Citations omitted.] But the court must have *62 jurisdiction over the subject matter of the consent judgment. In State v. Osborn, 32 N.J. 117, 160 A.2d 42 (1960), the Supreme Court stated:
Jurisdiction over the subject matter is the power of a court to hear and determine cases of the class to which the proceeding in question belongs. It rests solely upon the court's having been granted such power by the Constitution or by valid legislation, and cannot be vested by agreement of the parties. Petersen v. Falzarano, 6 N.J. 447, at page 454 [79 A.2d 50] (1951); Abbott v. Beth Israel Cemetery Ass'n. of Woodbridge, 13 N.J. 528 at page 537 [100 A.2d 532] (1953). [32 N.J. at 122, 160 A.2d 42]
If there is no legally granted power in the court, the parties cannot confer jurisdiction pursuant to an agreement between themselves. [2 N.J. Tax at 533.]
Judge Conley also criticized our charge in Sabella that the Tax Court judge committed fundamental error in "holding there that Tax Court jurisdiction in correction of errors cases depends upon compliance with `underlying statutory procedure controlling tax appeals,'" 188 N.J. Super. at 502. He said that was not the holding there. 6 N.J. Tax at 104. We observe that in Manczak, immediately after Judge Rimm wrote that which is quoted above pertaining to jurisdiction, he said:
The primary consideration in dealing with the correction of errors statute is therefore the underlying statutory procedure controlling tax appeals.
No matter. We remain convinced that when the abstractions represented by all the rhetoric are laid aside and the matter is properly considered, the question becomes the simple one of whether the Legislature intended that someone in the position of the taxpayer here could go directly to those who in any event had the final word, with the plea that there had been, in the words of the statute, "errors and mistakes in tax assessments." In cases such as this, where after all the fuss and fury no one even now suggests or can suggest that there was not a gross mechanical error not in any wise involving the subjective judgment of the tax assessor and resulting in a horrible miscarriage of justice, we think the answer to that question must be in the affirmative.
We reverse and remand for further proceedings consistent with the foregoing.
NOTES
[1] This section was repealed by L. 1983, c. 45, and replaced, with some changes, with N.J.S.A. 54:51A-7, effective January 28, 1983.
[2] Neither Manczak v. Dover Tp., 2 N.J. Tax 529 (Tax Court 1981) nor Flint, which is critical of Sabella, mentioned R. 8:2(c).
[3] The entire oral opinion of the Tax Court judge on the first Sabella hearing is as follows:

This matter is before the Court on a complaint alleging a correction of error. However, I am satisfied that this is not an error correctable under Manzak [sic], Mr. Kreizman, notwithstanding your argument. I think that Manzak makes it perfectly clear, and I think that it is the intention of the statute to limit corrections of errors once the assessor has concluded his work and made his assessment, and if, in the process of making that assessment, he makes an error in transposition, or otherwise errs in arriving at the value . . at a value on the basis of which he makes an assessment, as I indicated to Mr. Corrigan earlier this morning, the taxpayers are not at a disadvantage. They can file an appeal. And if in this instance they didn't get the bill on time, that's . . it is their obligation. And not the obligation of the municipality if the bill was sent out properly. Beyond that, apparently they did file an appeal, although late, with the Ocean County Board of Taxation, which refused to hear the appeal due to late filing. Therefore, the Ocean County Board of Taxation does not have jurisdiction over this matter, and I do not have jurisdiction over it as well. Accordingly, the complaint is dismissed, and the Clerk of the Tax Court will enter a judgment accordingly. I should observe also for the record that not only Manzak but several other cases make it perfectly clear that the mere agreement by the municipality, consent by the municipality to change what is supposed to be an error does not confer jurisdiction on this Court. The matter is concluded accordingly. [Emphasis supplied.]