ANDREW, J.T.C.
In these correction of errors cases, plaintiff H.G.K.W. Corporation is appealing the assessment of improvements for the tax year 1985 on five parcels of property located in East Brunswick Township. On the assessing date of October 1, 1984, the township’s tax assessor imposed a total valuation of $426,000 for the five tax lots including land and buildings.[1] Plaintiff claims that as of October 1, 1984, it met the criteria for a property tax exemption for new construction pursuant to N.J. S.A. 54:4-23a and that therefore the imposition of improvement assessments constituted a mistake by the assessor which was subject to correction under N.J.S.A. 54:51A-7, more commonly referred to as the “correction of errors” statute. For these reasons, plaintiff alleges it is entitled to summary judgment on its motion.
Concomitantly, defendant initiated a motion to dismiss plaintiff’s complaint with prejudice contending that plaintiff had failed to state a claim upon which relief could be granted. To support its summary judgment motion on these procedural grounds, defendant asserts that no remedy is available to plaintiff under the correction of errors statute because plaintiff’s claim pertains to the judgment of the tax assessor and errors in judgment are specifically excluded from the operation of the correction of errors statute. Furthermore, defendant argues that plaintiff’s complaint, filed on April 8, 1986, is barred because plaintiff failed to file an appeal with the county board of taxation within the time frame prescribed by *457 N.J.S.A. 54:3-21, i.e., on or before August 15, 1985. Lastly, defendant notes that since the total assessment is less than $750,000, the Tax Court is precluded from entertaining any direct appeal by plaintiff and thus lacks jurisdiction over the subject matter of plaintiffs complaint.
Based on the concession by the taxpayer’s attorney that the complaint, if not appropriately a correction of errors matter, is untimely pursuant to N.J.S.A. 54:3-21, the sole issue upon which this case revolves is whether the imposition of a property tax assessment on October 1, 1984 was an erroneous action by the tax assessor that can be corrected under N.J.S.A. 54:51A-7. This correction of errors statute provides an extraordinary remedy beyond the standard method of review of local property tax assessments and allows the Tax Court within three years after the disputed tax year to “enter judgment to correct [1] typographical errors, [2] errors in transposing, and [3] mistakes in tax assessments____” The language of the next sentence of the statute confines the Tax Court’s jurisdiction in correcting these three types of errors. The statute continues: “The Tax Court shall not consider under this section any complaint relating to matters of valuation involving an assessor’s opinion or judgment.” The ultimate effect of these two sentences is to permit a taxpayer to bypass the traditional and ordinary procedure for tax appeals if (1) the mistake falls into one of the specified categories of errors delineated in the statute and (2) the mistake does not relate to matters of valuation involving the tax assessor’s judgment or opinion.
In the present case, plaintiff certifies that its factual circumstances mirror the requirements of N.J.S.A. 54:4-23a providing a property tax exemption for new construction until a certificate of occupancy is issued, the premises are actually occupied or the 24-month grace period provided in the statute has lapsed. Consequently, plaintiff continues, the unfinished residential units on its five tax lots were mistakenly added to the township’s assessment list on October 1, 1984. Plaintiff further asserts that this alleged error is now correctable under the provisions of the correction of errors statute.
*458 Clearly, the tax assessor’s actions, if they were in error in the application of N.J.S.A. 54:4-23a, do not fit into the categories of typographical or transpositional mistakes, but rather, by a process of elimination, can only come, if at all, under the category of “mistakes in tax assessments.” To resolve whether this purported error is the type encompassed by the statutory language “mistakes in tax assessments,” it is necessary to examine the construction of this phrase in light of prior judicial decisions and the language used by the Legislature in the statute itself.
In Manczak v. Dover Tp., 2 N.J. Tax 529 (Tax Ct.1981), the tax assessor relying on incorrect data added the value of a basement to the assessment on the taxpayer’s property. Hold-, ing that the mistake involved the judgment and opinion of the tax assessor, the court construed the term “mistakes in tax assessment” to mean solely “mistakes like typographical errors and errors in transposing” under the ejusdem generis rule of statutory construction. Id. at 535. The court further explained:
The proper application of the correction of errors statute is to clerical, administrative or ministerial actions after the assessor had made the assessment ... Any other construction would lead to abuses in the entire statutory appeal process and would disturb the finality of assessments which the general statutory plan for taxation seeks to accomplish. [Id. at 536.]
The court steadfastly maintained that with the 1978 amendments to the correction of errors statute, the Legislature sought to provide a type of summary action but only for those mistakes in assessments that were of a mechanical, mathematical, clerical, or purely administrative nature. It was not to be a license to replace the traditional procedure for tax appeals when a taxpayer challenged the valuation figures set by the tax assessor. Ibid.
Subsequent judicial decisions have consistently relied on the fundamental principles enunciated in Manczak. In Bressler v. Maplewood Tp., 190 N.J.Super. 99, 461 A.2d 1218 (App.Div. 1983), an error in the application of a frontage factor to taxpayer’s property was held to be within the judgment of the tax assessor and therefore taxpayer was entitled to no remedy *459 under the correction of errors statute. Similarly, in Flint v. Lawrence Tp., 6 N.J. Tax 97 (Tax Court 1983), following the rationale of Bressler, supra, an error in recording the acreage of taxpayer’s property was held unreviewable by the court under N.J.S.A. 54:51 A-7. It is noteworthy that even in Sabella v. Lacey Tp., 204 N.J.Super. 55, 497 A.2d 896 (App.Div.1985), where the Appellate Division disagreed with the rationale of Manczak it disagreed in only one respect. Manczak provided that only a mistake made after the assessor had filed an assessment could be corrected. In Sabella the transpositional error occurred before the assessor made his assessment. The Appellate Division saw little distinction and held that if the error is within the contemplation of the statute, as it was in Sabella because it was a transpositional error, it does not matter if the error occurs before or after the assessor makes his assessment. None of these cases, however, other than Manczak dealt specifically with the scope of the phrase “mistakes in tax assessments.”
More recently, as the parties in this case have acknowledged, the Tax Court, once again, as in Manczak, had occasion to construe the phrase “mistakes in tax assessments” in McElwee v. Ocean City, 7 N.J. Tax 355 (Tax Ct.1985). In McElwee defendant township moved for summary judgment claiming that the taxpayer, in relying on the correction of errors statute for review, had failed to state a claim upon which relief could be granted. In distinguishing “mistakes” from “incorrect assessments,” the court stated: “a mistake in tax assessment obviously refers to mistakes similar to the first two enumerated errors, i.e., errors mathematical or technical in nature committed by the assessor or someone within the agency, employment or control of the taxing district.” Id. at 362. Consequently, the implementation of the principles found in Manczak and McElwee relating to the specific categories enumerated in the correction of errors statute when applied to the facts of plaintiff’s case dictate the conclusion that the alleged error by the tax assessor was not a “mistake in tax assessment” within the purview of the statute. The alleged error here cannot be *460 classified as clerical, mathematical, administrative or mechanical.
Defendant has argued that plaintiff cannot obtain relief under N.J.S.A. 54:51 A-7 because the tax assessor’s actions involve his judgment and opinion in the assessment of the subject property. Plaintiff has contended that the correction of errors statute is unavailable only when the exercise of the assessor’s opinion or judgment in a matter of valuation is required in connection with the disputed assessment. I find that both plaintiff and defendant misconstrue the meaning of the statute.
First of all, plaintiff does not challenge the valuation figure per se but rather only the action of the tax assessor in failing to apply N.J.S.A. 54:4-23a which resulted in the improvement assessments being added to the tax rolls. The correction of errors statute excludes Tax Court review in those cases relating to matters of valuation involving an assessor’s opinion or judgment. Here the assessor’s opinion was not related to valuation but rather whether to assess the improvements or not.
While I have concluded that the correction of errors statute does not apply under the facts of this case to allow plaintiff the remedy it seeks, this result is not attributable, as defendant contends, to the fact that the tax assessor’s actions are based on judgment or opinion relating to a matter of valuation. Rather, the rationale for denying plaintiff the advantage of N.J.S.A. 54:51A-7 is grounded on the primary determination that the tax assessor’s actions are not mistakes in assessment as interpreted under the applicable judicial decisions and the language used in the statute itself.
The language in the statute itself suggests limiting the phrase “mistakes in tax assessments” to errors similar to typographical errors and errors in transposing, i.e., clerical or administrative mistakes or errors. If the phrase “mistakes in tax assessments” was intended to encompass all types of mistakes then it would have been totally unnecessary for the *461 Legislature to have specified two particular types of mistakes as it did with typographical and transpositional errors because these would be included in the all encompassing phrase “mistakes in tax assessments.” The statement of these errors in the statute would be mere surplusage unless the Legislature intended to demonstrate those types of errors that this court could correct. This seems the more reasonable construction and accords with the interpretations in the Tax Court decisions of Manczak and McElwee. The assessor’s action in this case was not a typographical, transpositional or other type of clerical error, and therefore the error alleged by plaintiff does not comport with the judicially framed definition of “mistakes in tax assessments.”
Plaintiff’s argument similarly is wide of the mark as is defendant’s. The reasoning of plaintiff suggests that if the assessor’s opinion or judgment is not involved, then the court is free to apply the statute to all other errors or mistakes in assessment. To the contrary, the first sentence of the correction of errors statute sets forth three categories of mistakes. The second sentence merely states that even in those three specific categories, if the tax assessor’s judgment or opinion is germane to an issue of valuation, then the Tax Court cannot consider even these types of mistakes. In determining if a particular mistake is reviewable this second sentence of the statute cannot be used to broaden or expand the jurisdiction of the Tax Court beyond the specific items denoted in the first sentence. If plaintiff’s argument were accepted then anytime the assessor erred in a matter not relating to valuation the correction of errors statute could apply.
A number of areas that readily come to mind are: whether an item is real property and assessable or personal property and not assessable; whether an improvement is substantially ready for the use for which it was intended pursuant to N.J.S.A. 54:4-63.1 and therefore is an appropriate subject for an added assessment; whether property qualifies for any exemption from local property taxation, and whether an owner qualifies for farmland assessment. All of these matters involve an asses *462 sor’s opinion or judgment but do not relate to matters of valuation. Hence, by plaintiffs hypothesis, any erroneous determination by an assessor as to these matters could be corrected pursuant to the correction of errors statute, and thus the normal assessment review procedure and its applicable statutory limitation period would be expanded substantially by a number of years.
As the Tax Court pointed out in Flint v. Lawrence Tp., supra, 6 N.J. Tax at 107, in a system which must deal uniformly with well over 2,000,000 assessments each year there is a need to adhere to the regular review process which the Legislature has made available to all taxpayers. If litigants could avoid this procedure in every case which involves all incorrect judgments or opinions by an assessor in nonvaluation contexts the system would break down. I cannot believe that this was intended by the Legislature in its adoption of the correction of errors statute. N.J.S.A. 54:51A-7.
As a matter of fact and interestingly enough in Manczak v. Dover Tp., supra, Judge Rimm pointed out the legislative history of the 1978 amendment to the correction of errors statute. He indicated that the Senate Finance and Appropriations Committee stated that the
process was established to permit a timely correction of administrative errors avoiding the need for a formal appeal to be processed. It is not intended that this process be used for settlement of challenges of an assessor’s opinion as to value of a parcel of real property or the assessment of property as real property. [2 N.J. Tax at 536; emphasis supplied]
Thus, the statute indicates that the concern lies with administrative errors and not challenges to the assessor’s opinion as to the property value nor as the latter portion of the statement indicates was it to be concerned with whether an assessor correctly identified a parcel of property as real or personal which is a matter of law not implicating a question of valuation.
A secondary consideration in this proceeding is whether the tax assessor’s action was in fact a mistake in any sense of the word. Under N.J.S.A. 54:4-23, the assessor is charged with the *463 responsibility of placing a valuation on all real property in his district as of October 1 of the pretax year.
On July 13, 1984, the Law Division in New Jersey State League of Municipalities v. Kimmelman, 197 N.J.Super. 89, 484 A.2d 59 (Law Div.1984) held that N.J.S.A. 54:4-23a was special legislation in violation of Article VIII of the New Jersey Constitution and therefore was unconstitutional. On July 23, 1984, the East Brunswick tax assessor received notification from the New Jersey Division of Taxation instructing him to grant no further exemptions under the statute. Acting in conformity with the prevailing judicial determination and following the directives of the state tax division, on October 1, 1984, the assessor included the improvements on plaintiffs property in his overall assessment calculation. If plaintiff did not agree with the decision in N.J. State League of Municipalities it could have contested the assessment through the normal appeal process and secured a determination from a higher court. It did not.
Approximately 15 months later, long after the normal appeal periods had passed, the Appellate Division overruled the trial court in the N.J. State League of Municipalities case and held N.J.S.A. 54:4-23a constitutional as a valid exercise of legislative authority, 204 N.J.Super. 323, 498 A.2d 1266 (App. Div.1985), app. pending N.J. Supreme Court Docket No. 24,704. However, in light of the prevailing rule of law and the power vested in him pursuant to N.J.S.A. 54:4-23, the tax assessor committed no mistake in assessing plaintiffs subject properties. In the instant case, the tax assessor acted under the assumption that a statute was unconstitutional and imposed improvement assessments on plaintiffs properties.
The remaining arguments of defendant effectively dispose of this matter. Defendant contends that the Tax Court lacks jurisdiction to hear plaintiffs complaint for two reasons. First, since the subject property’s assessment was not in excess of $750,000, defendant asserts that plaintiff can have no direct appeal to the Tax Court pursuant to N.J.S.A. 54:3-21 and R. *464 8:3-5(a)(3). There’s no question but that this is correct. Second, plaintiff’s uncontroverted failure to file a petition of appeal with the county board within the statutory limitation period pursuant to N.J.S.A. 54:3-21 also forecloses plaintiff’s right of appeal to the Tax Court.
If plaintiff is unable to justify an appeal under the correction of errors statute, which permits a taxpayer to bypass the normal appeal process in challenging local property tax assessments and to extend the standard August 15-of-the-tax-year filing deadline to three years beyond December 31 of the tax year, plaintiff’s only appropriate recourse was to have filed a timely appeal to the county board pursuant to N.J.S.A. 54:3-21. Having failed to do so in a proper and timely fashion, this court is now foreclosed from hearing plaintiff’s appeal. For the reasons stated defendant’s motion seeking summary judgment for plaintiff’s failure to state a claim for which relief can be granted, is granted. Plaintiff’s crossmotion for summary judgment is hereby denied. The Clerk of the Tax Court will be directed to enter judgment accordingly.

 All five lots contained newly constructed residential dwelling units that were incomplete. Four of the lots consisted of condominium units and one lot had an individual house. The aggregate assessment of $426,000 included $101,000 for land and $325,000 for improvements.