SMALL, J.T.C.
This case places the court in the uncomfortable position of rejecting plaintiffs’ unopposed application for relief. Just as litigants cannot agree to confer jurisdiction on a court which lacks the statutory authority to hear a matter, see, e.g., Peper v. Princeton University, 77 N.J. 55, 65-66, 389 A.2d 465 (1978); Township of Jackson v. Marsyll of B.B., 3 N.J.Tax 386, 391 (Tax Ct.1981); Manczak v. Township of Dover, 2 N.J.Tax 529, 533 (Tax Ct.1981), they cannot agree to have the court grant relief for which there is no authority.
Plaintiffs have moved, without opposition by defendant, for partial summary judgment under the correction of errors statute, N.J.S.A. 54:51A-7 (the “statute”), to reduce the real property tax assessment of the subject property for the years 1990, 1989, 1988, and 1987. The statute authorizes the tax court to grant or deny relief “as it may deem proper.” Ibid. I have concluded that plaintiffs’ motion must be denied. The public interest requires that before relief can be granted the requirements of the statute must be met. The facts in this case do not meet those requirements.
*292 The essence of the complaint is that, in making his assessments for the years in question, the Rutherford tax assessor included in his calculations the value of two adjacent parcels which were never a part of the subject parcel. The record indicates that the bulk (but not all) of two adjacent parcels under separate ownership from the subject were condemned by the State for highway purposes. After that taking was completed there remained, in separate ownership from plaintiffs’ property, two slivers of the partially taken properties. Plaintiffs contend that the value of those slivers was included in the assessor’s calculation of the value of the subject parcel. Plaintiffs assert that no separate tax bill was sent to the owners of the slivers for the four years in question.
For the years in question the subject was assessed as follows:
1990 1989 1988 1987
Land $ 984,000 $ 984,000 $ 984,000 $ 984,000
Improvements $ 711,300 $ 705,300 $ 705,300 $ 705,300
Total $1,695,300 $1,689,300 $1,689,300 $1,689,300
Plaintiffs, in their brief dated December 2, 1991, indicate that the area of the two slivers totals .42 acres and should be valued at $126,000 (based on $300,000 an acre), and that the subject, which was allegedly listed as 3.28 acres, is only 2.86 acres (3.28 — .42 = 2.86) and should also be valued at $300,000 an acre, plus the value of its improvements. It should be noted that these “facts” discussed in the brief are not evidence as they have not been included in plaintiffs’ affidavits submitted in support of their motion. R. 1:6-6. In order to help the parties’ understanding of the basis for my decision and save them needless effort, I have treated these assertions as if they were facts.
Statutes of limitations in taxing matters are strictly construed. F.M.C. Stores Co. v. Borough of Morris Plains, 100 N.J. 418, 424, 495 A.2d 1313 (1985). Appeals from local property tax assessments must be filed with the county board of *293 taxation by August 15 of each year. N.J.S.A. 54:3-21. Appeals from the county board must be filed with the Tax Court within 45 days from the determination of the county board. N.J.S.A. 54:51A-9(a). Direct appeals to the Tax Court of assessments over $750,000 must be filed by August 15 of the tax year. N.J.S.A. 54:51A-9(b).
The correction of certain types of assessor’s errors requires a longer statute of limitations. Accordingly, the Legislature enacted the statute (formerly N.J.S.A. 54:2-41), which provides:
The tax court may, upon the filing of a complaint at any time during the tax year or within the next 3 tax years thereafter, by a property owner, a municipality or a county board of taxation, enter judgment to correct typographical errors, errors in transposing, and mistakes in tax assessments, provided that such complaint shall set forth the facts causing and constituting the error or errors and mistake or mistakes, or either thereof sought to be corrected and that such facts be verified by affidavits submitted by the plaintiff. The tax court shall not consider under this section any complaint relating to matters of valuation involving an assessor’s opinion or judgment. Any complaint so submitted shall contain a certification that a copy of the complaint and all exhibits thereto have been filed with the county board, and served upon the property owner or the municipality, or both, as may be appropriate in the case of each plaintiff. Any party required to receive a copy of the complaint pursuant to this section may file an answer to the complaint with the tax court pursuant to rules of court. The tax court may require further proof and grant or deny the complaint as it may deem necessary or proper. [N.J.S.A. 54:51A-7]
In the case before me no appeal was taken to the county board of taxation. This action contesting the assessments for the years 1987, 1988, 1989 and 1990 was commenced with the filing of a complaint with this court on January 17, 1991, well past the direct appeal filing deadline of August 15 in each of those years. Thus, unless plaintiff is entitled to relief under the statute, the complaint is clearly out of time.
The operative language of the statute requires that a correctable error must be one of three types:
1) a typographical error,
2) an error in transposition, or
3) a mistake in tax assessment. (This court has held that correctable mistakes are limited to typographical, transpositional, clerical, mathematical, mechanical, or other related administrative errors. H.G.K.W. Corp. v. East Brunswick Township, 8 N.J.Tax 454, 458-460 (Tax Ct.1986), aff’d 9 N.J.Tax 91 (App.Div.1987); McElwee v. Ocean City, 7 N.J.Tax 355, 362 (Tax Ct.1985).)
*294 But this court is specifically precluded from correcting errors “relating to matters of valuation involving an assessor’s opinion or judgment.” N.J.S.A. 54:51A-7; see also H.G.K.W. Corp., 8 N.J.Tax at 457.
The application of the statute to particular factual situations has been the subject of analysis by this court and the Appellate Division in a number of reported decisions. Several cases have analyzed the assessor’s improper description of the nature or size of the property. All except two (Sabella v. Lacey Township, 204 N.J.Super. 55, 497 A.2d 896 (App.Div.1985) and Red Bank Borough v. New Jersey Bell Telephone Co., 8 N.J.Tax 152 (Tax Ct.1986)[1], both discussed infra) have concluded that such errors cannot benefit from the statute but can be corrected only through the normal appeal procedure.
The first case decided under the current formulation of the statute and the first correction of errors case decided by this court was Manczak v. Township of Dover, 2 N.J.Tax 529 (Tax Ct.1981). In that case the property was recorded on the assessor’s property record card as having a basement. It was assessed as if it had a basement. In fact, the property had no basement. The court held that this was an error in the assessor’s judgment, not a typographical error nor an error in transposition, and accordingly, not correctable under the statute.
In Bressler v. Township of Maplewood, 190 N.J.Super. 99, 461 A.2d 1218 (App.Div.1983), the assessor used the wrong frontage factor; 89% was used instead of the correct figure of 55%. Although this resulted in an assessment of $34,300 rather than $21,500, the Appellate Division held that this type of error was similar to the error in Manczak—not typographical or transpositional—and therefore not eligible for relief under the statute.
*295 In the same year that Bressler was affirmed by the Appellate Division, the Tax Court denied relief in Flint v. Lawrence Township, 6 N.J.Tax 97 (Tax Ct.1983). The assessor there made his finding based on incorrect acreage; an extra 1.96 acres was included in the assessor’s figure. The court found that this was not a correctable error under the statute.
In American Dispenser v. Borough of Carlstadt, 8 N.J.Tax 70 (Tax Ct.1985), the assessment was calculated as though the property were the size of a neighboring property—not its actual size. This too was found to be an error in the assessor’s judgment rather than a typographical or transpositional error.
Neptune Corp. v. Township of Wall, 9 N.J.Tax 80 (Tax Ct.1987), presented an error similar to that discussed in American Dispenser. The property was assessed as though it were 421.85 acres rather than its actual size of 293.15 acres. The court stated that a mistake in assessment based on incorrect area cannot be corrected under the statute unless the erroneous area is the result of a transpositional or typographical error.
Sabella v. Lacey Township, 204 N.J.Super. 55, 497 A.2d 896 (App.Div.1985) is the most recent discussion by the Appellate Division of the statute.[2] In that case the assessor had misplaced a decimal point and assessed the property as though it had 580 front feet rather than 58. The net result of carrying forward this typographical or transpositional error was a greater than four-fold increase in the assessment.
Prior to Sabella, this court had held that such transpositional errors were correctable under the Statute only if they occurred after the assessment was made. Neptune Corp., 9 N.J.Tax at 86. Sabella extended the remedial force of the statute to encompass pre-assessment typographical or transpositional errors as well. But it did not either explicitly or implicitly extend the remedial scope of the statute to encompass other errors *296 relating to mistakes by the assessor regarding the size of the property. See the cases discussed above in this opinion at 294-295. Farmingdale Realty Co. v. Borough of Farmingdale, 55 N.J. 103, 259 A.2d 708 (1969), discussing a related correction of error provision, N.J.S.A. 54:4-54, states:
Of course, the provision would not be applicable where the mistake related ... to an error in the description of the property, as for example its size ... which resulted in an incorrect assessment. Such mistakes go essentially to valuation and are remediable by appeal to the county board, [at 110, 259 A.2d 708]
Although the Appellate Division in Sabella did not explicitly hold that the size of the consequence of the error influenced its judgment, its opinion is full of references indicating that the magnitude of the error was clearly on the judges’ minds: “[i]f a taxpayer is assessed over four times that which everyone connected with taxation in the municipality concedes he should be,” 204 N.J.Super, at 57, 497 A.2d 896, emphasis supplied; the facts “show so clearly an egregious result from an indisputable (and very significant) error,” id. at 59, 497 A.2d 896, emphasis supplied; and “[i]t is burdening him with a load four and a half times as heavy as that which he should rightly bear,” id. at 60, 497 A.2d 896, emphasis supplied; then this was a “gross mechanical error,” id. at 62, 497 A.2d 896, emphasis supplied.
In the case before this court, the magnitude of the error is about 7.5%, $126,000 out of a $1,689,300 assessment. Thus, to the extent that the Appellate Division in Sabella was influenced by the magnitude of the consequence of a failure to correct the assessor’s error, the claim by plaintiffs in this action is defective. Although the Sabella court was obviously influenced by the magnitude of the consequence of a failure to correct the assessor’s error, a careful reading of its opinion makes it clear that the court’s legal determination was based solely on the nature of the error (the moving of a decimal point) rather than its size.
In Neptune Corp. v. Township of Wall, 9 N.J.Tax 80, 85 (Tax Ct.1987), Judge Rimm,[3] held that, even when the error in *297 acreage was as great as the difference between 421.85 and 293.15, the statute would not apply. Although gross errors by the assessor either before or after the making of an assessment are subject to the statute, the court concluded that Sabella restricted the applicability of the statute in this type of case to transpositional or typographical errors. I concur with that interpretation and am bound by Sabella. In Sabella, the typographical or transpositional error was a misplaced decimal point. Where the assessor’s error is an incorrect description of size, unless the source of that error is typographical or transpositional, the statute does not apply.
In Red Bank Borough v. New Jersey Bell Telephone Co., supra, the only case other than Sabella in which relief was granted under the statute, this court discussed the several types of assessor’s errors that could and could not be corrected under the statute. While denying relief for the overwhelming number of assessor’s errors in that case, Judge Lario ruled that an error in mathematics, the assessor’s multiplication of documented front feet times an agreed front foot factor, was correctable where the mathematical error was found in the assessor’s work papers. Although this error was not a transpositional or typographical error within the meaning of the statute, it was a mechanical, mathematical, clerical, or administrative error which was a “mistake in tax assessment,” within the meaning of the statute. See H.G.K.W., supra, 8 N.J.Tax at 457-458; and McElwee, supra, 7 N.J.Tax at 362. The error for which plaintiffs seek relief in the case currently before me is different. In this case, the assessor did not miscalculate, he calculated correctly. His error, assuming plaintiffs’ assertions to be true, was in recording the wrong acreage on the property record card. Flint, American Dispenser, and Neptune Corp., all supra, dealt with inaccurate descriptions of the size of the subject property and all ruled that such inaccuracies would not lead to the application of the statute. This case is no different. The error found correctable by the court in Red Bank is not at all like the error in this case.
*298 There is a question as to whether the statute should be strictly or liberally construed. See, e.g., Sabella, supra, 204 N.J.Super. at 59, 497 A.2d 896; Manczak, supra, 2 N.J.Tax at 534. The use of the terms “liberal” or “strict” dealing with statutory construction issues is often either a guide in helping the court resolve a close issue or a post-determination justification for a judge’s call on a close issue. The issue in this case is not close. Even if this case were to involve a close issue, in tax matters exceptions to the rules and exemptions are almost always strictly construed. Princeton University Press v. Princeton, 35 N.J. 209, 172 A.2d 420 (1961). Whether strictly or liberally construed, the statute does not provide relief from all assessor’s errors. Here the assessor mistakenly included too much area in making his land assessment. No matter how the error of the assessor in describing the subject property is characterized, it was not a transpositional nor typographical error, nor was it mechanical, mathematical, clerical, or a purely administrative mistake in assessment. See H.G.K.W., supra, 8 N.J.Tax at 458. Neither party disputes that the description of the property and its assessment for the years in question was wrong. Neither party disputes that it could have been corrected by the filing of a timely appeal under one or another of the ordinary appeal procedures. The facts in this case simply do not bring into play the extraordinary relief provided by the statute.
Plaintiff’s motion for partial summary judgment is denied.
Since I hold that the statute does not entitle plaintiff to any relief, and this court has no jurisdiction under the regular appeal statutes (the complaints were filed out of time), this case, on my motion, will be dismissed.
Counsel for defendant will prepare an order in accordance with this opinion.

Although the court granted relief in Red Bank, the correctable assessor’s error related to his multiplication (a "mathematical error”), not his description, of the property.

Note, H.G.K.W. v. East Brunswick Township, 9 N.J.Tax 91 (App.Div.1987), aff'g 8 N.J.Tax 454 (Tax Ct.1986), is more recent, but it simply affirmed the Tax Court's determination without an opinion of its own.

The author of Manczak v. Township of Dover, supra.