TAX COURT OF NEW JERSEY

Hon. Mary Siobhan Brennan, J.T.C.
JUDGE

210 S. Broad Street, 5th Floor
Trenton, New Jersey 08608
(609) 815-2922, Ext. 54560

May 16, 2018

Margaret Kovacs, Self-Represented
67 Prospect Street
Edison, New Jersey 08817
Via Email

Shain Schaffer, P.C.
Gregory B. Pasquale, Esq.
150 Morristown Road, Suite 105
Bernardsville, New Jersey 07924
Via Email and ECourts

RE:     Margaret Kovacs v. Monroe Township
        Docket # 013521-2017

Dear Ms. Kovacs and Mr. Pasquale:

This constitutes the court's decision after trial, and it is based on the testimony of plaintiff and defendant's municipal assessor.

## I.     Procedural History and Findings of Fact

Plaintiff, Margaret Kovacs ("plaintiff") is a resident of Edison, New Jersey. In 1984, she purchased an eight acre former potato farm located at 451 Schoolhouse Road, in the Township of Monroe, County of Middlesex and State of New Jersey (the "subject property"). The subject property is designated as Block 52, Lot 7.1 (one acre) and Block 52, Lot 7.1 QFarm (seven acres) on the tax map of the Township of Monroe ("township"). At the time of purchase, there were no structures on the subject property.

Plaintiff purchased the farm with the intention to use it as home for rescued horses and ponies. In 1985, she had a pole barn constructed for the purpose of providing shelter for horses. After receiving all required approvals from the township, she began to bring rescued horses onto the

property. To date, she continues to use the entirety of the subject property in this manner and for this purpose.

Plaintiff has always received two property tax bills. One bill is for one acre and the other bill is for seven acres. She always paid her taxes and never thought to question the assessments. In 2014, the township underwent a municipal wide revaluation. As a result of the revaluation, plaintiff's property for tax year 2014 was assessed as follows:

<u>Block 52, Lot 7.1 (Class 3A) (one acre and pole barn)</u>

| | |
|---|---|
| Land: | $195,000 |
| Improvement: | $ 29,500 |
| Total: | $224,500 |

<u>Block 52, Lot 7.1 QFarm  (Class 3B) (7 acres)</u>

| | |
|---|---|
| Land: | $  1,100 |
| Improvement: | $      0 |
| Total: | $  1,100 |

Upon receipt of her 2014 tax bill, plaintiff noticed that her property taxes on the one acre parcel had increased by approximately $2,000. She spoke with some of her immediate neighbors, including her sister who lives across the street, and those discussions led her to believe that her property was over assessed. She contacted someone at the township at that time and was told that the increase was as a result of the revaluation.

The following year (2015) she contacted the township again and inquired about the assessment on the one acre lot. During the call she mentioned that she believed that the property was being assessed as if there was a house on the lot. Plaintiff was advised that she could file a tax appeal, however the time for filing an appeal for 2015 had passed, and she would have to wait another year. In 2016, she filed a tax appeal with the township directly and not with the Middlesex County Board of Taxation. By the time that she learned of her error she had once again missed the statutory deadline.

2

In 2017, plaintiff was finally successful in filing her tax appeal. The appeal challenged the 2017 assessment on the one acre of land situated beneath the pole barn. After considering plaintiff's challenge, the township's tax assessor recommended to the Middlesex County Board of Taxation that plaintiff's 2017 assessment for the one acre of land beneath the pole barn be changed as follows:

| | |
|---|---|
| Land: | $ 200 |
| Improvement: | $29,500 |
| Total: | $29,700 |

A Judgment reflecting this change was executed on June 15, 2017 and mailed to plaintiff on June 28, 2017.

While pleased with the 2017 reduction, plaintiff soon learned about the Correction of Errors statute, and believed that the 2014, 2015, and 2016 assessments would qualify for relief. On October 25, 2017, plaintiff filed a Complaint with the Tax Court under the Correction of Errors statute, N.J.S.A. 54:51A-7.

The matter proceeded to trial on May 15, 2018. After the plaintiff testified to the facts set forth above, the township assessor testified. The assessor has held his position with the township since 1996. Three years prior to his appointment (1993), the township underwent a municipal wide revaluation. Upon being hired, the assessor adopted the same assessment practices of his predecessor, and the same property assessments from the revaluation.

One of the practices he adopted was to separate one acre from the other acres of qualified farmland for the purpose of including assessments for all existing or future improvements on the qualified farmland. The improvements could be of any type (farmhouses, barns, silos or any other type of farm structure), and were assessed with the one acre parcel regardless of where the structures were located. The land on this separate one acre was then assessed at full market value and not as qualified farmland. This practice continued with the 2014 revaluation.

3

Upon receipt of plaintiff's 2017 appeal, the assessor contacted the company that performed the revaluation in 2014. Someone from the company advised him that, for qualified farm land, many assessors do not value the land under farm structures at full value. Instead the land is valued as farm qualified. The assessor agreed with this approach and changed his assessment of plaintiff's one acre lot to reflect farm qualified value instead of full market value. The value of a one acre farm qualified pasture lot in Monroe Township is $200.00.

Although the assessor decided to change the assessment as to plaintiff's one acre property in 2017, he denied plaintiff's request to extend this reduction to tax years 2014, 2015 and 2016, because he believed that the change was not due to a clerical error, but rather was the result of a change in his view of the proper way to assess the subject property.

## II.    Legal Analysis

The Correction of Errors statute stands as a marked departure from the standard tax appeal process authorized under N.J.S.A. 54:3-21, and is designed to remedy typographical, clerical and mechanical errors in local property tax assessments. The statute affords a party a period for seeking relief long after the deadline for pursuing a standard local property tax appeal has expired. The statute provides, in part, that:

> [t]he tax court may, upon the filing of a complaint at any time during the tax year or within the next 3 tax years thereafter, by a property owner, a municipality or a county board of taxation, enter judgment to correct typographical errors, errors in transposing, and mistakes in tax assessments, provided that such complaint shall set forth the facts causing and constituting the error or errors and mistake or mistakes, or either thereof sought to be corrected and that such facts be verified by affidavits submitted by the plaintiff. The tax court shall not consider under this section any complaint relating to matters of valuation involving an assessor's opinion or judgment.
>
> [N.J.S.A. 54:51A-7.]

4

In 1979, a number of substantive changes were made to the Correction of Errors statute to: (i) impose limitations on the time period within which relief must be sought to "during the tax year or within the ensuing three years"; (ii) eliminate the requirement that a majority of the municipal governing body consent to correction of the error; (iii) "extend[ed] the right of appeal to municipalities and county boards"; (iv) "confer[red] jurisdiction" on the Tax Court to hear matters brought under the statute; (v) limit "the type of errors that could be corrected…to typographical errors, errors in transposing, and mistakes in tax assessments"; and (vi) deny relief under the statute, if the cause of action sought to "challenge valuations that involved the opinion or judgment of the assessor." Hovbilt, Inc. v. Township of Howell, 138 N.J. 598, 604-605 (1994).

Historically, the Tax Court endorsed a narrow interpretation of the Correction of Errors statute, given the need to ensure predictability and finality in local property taxation. Thus, the court applied a more restrictive approach to the statute, concluding that correctable mistakes were limited to "typographical, transpositional, clerical, mathematical, mechanical, or other related administrative errors." Van Winkle v. Borough of Rutherford, 12 N.J. Tax 290, 293 (Tax 1992) (citing H.K.G.W. Corp. v. Township of East Brunswick, 8 N.J. Tax 454, 458-460 (Tax 1986), aff'd 9 N.J. Tax 91 (App. Div. 1987); McElwee v. Ocean City, 7 N.J. Tax 355, 362 (Tax 1985)).

However, in 1994 our Supreme Court recognized the Correction of Errors statute's "capacity to grant relief in cases involving unquestionable tax-assessment mistakes need not be so narrowly circumscribed." Hovbilt, Inc., 138 N.J. at 617. The Court endorsed a more moderate interpretation of the statute, observing that in enacting the revisions to N.J.S.A. 54:51A-7, the Legislature's "only express qualification of the judiciary's power to correct mistakes in tax assessments" was to limit the "authorization to the correction of mistakes that are indisputable and not subject to debate about

5

whether the assessment to be corrected resulted from an assessor's exercise of discretion." Id. at 617-18.

The Court introduced a two-prong test for relief under N.J.S.A. 54:51A-7. First, the alleged mistake in assessment must be "indisputable, and cannot plausibly be explained on the basis of an exercise of judgment or discretion by the assessor or his or her staff." Id. at 618. Second, the "correct assessment must readily be inferable or subject to ready calculation on the basis of the assessment mistake for which correction is authorized." Ibid.

In sum, assessments which are subject to correction under the statutory scheme include those "caused by errors concerning undebatable physical attributes of the land or structures." Ibid. However, concluding that the physical features of real property, or the improvements erected thereon, are imprecise or inaccurate is not sufficient to merit application of the statute. The correct local property tax assessment must also be "readily inferable or subject to ready calculation" and "not subject to debate about whether the assessment to be corrected resulted from an assessor's exercise of discretion." 303, Inc. v. City of North Wildwood, 21 N.J. Tax 376, 383 (Tax 2004) (citing Hovbilt, Inc., 138 N.J. at 617-18).

The conclusion that an error is readily apparent or "self-evident" will not, standing alone, warrant relief under the Correction of Errors statutory scheme. Our Supreme Court has stated that in order for an error to be correctable under the Correction of Errors statute, the correction must be both "self-evident and non-discretionary." Hovbilt, Inc., 138 N.J. at 618. Thus, the error must satisfy both prongs of the Hovbilt, Inc. analysis to be correctable. When correction of an alleged error requires an assessor to exercise a measure of judgment and discretion in computing a tax assessment, the error is not correctable under N.J.S.A. 54:51A-7. See 303, Inc., 21 N.J. Tax at 387.

The court concludes that the issue of whether the one acre of land on which the pole barn is situated is to be assessed as farm qualified or full value is entirely a matter of law, and is both self-evident and non-discretionary. N.J.S.A. 54:4-23.11 provides that:

> [i]n determining the total area of land actively devoted to agricultural or horticultural use there shall be included the area of all land under barns, sheds, seasonal farm markets selling predominantly agricultural products, seasonal agricultural labor housing, silos, cribs, greenhouses and like structures, lakes, dams, ponds, streams, irrigation ditches and like facilities, but land under and such additional land as may be actually used in connection with the farmhouse shall be excluded in determining such total area.

The court finds that the assessor does not exercise judgment and opinion when determining the valuation method for qualified farm land when that land is under a pole barn. There is nothing discretionary about applying the applicable law.[1] Furthermore, no calculation or mathematical analysis was necessary or conducted. The assessor simply changed the land value to the same $200 per acre for farm qualified pasture as he applied to other similar properties in the township. Thus, plaintiff has proven the existence of a correctable error warranting relief under N.J.S.A. 54:51A-7.

III.   **Conclusion**

The error alleged in plaintiff's Complaint does not involve an exercise of the tax assessor's discretion, opinion, or judgment, and therefore is correctable under N.J.S.A. 54:51A-7. Plaintiff has a statutory right to three years relief. The 2017 assessment correction to the land value will apply to the 2014, 2015, and 2016 tax years, and the court will enter Judgement accordingly.

Sincerely,

/s/ Mary Siobhan Brennan, J.T.C.

---

[1] For structures such as residences and offices, the land on which such structures are located is to be assessed at full market value pursuant to N.J.S.A. 54:4-23.12.

7