Upon the return of the postea in this case, a rule to show cause was granted why the verdict, which had been rendered for the defendant, should not be set aside. The questions raised and the facts relied upon by the parties, will be found in the opinion of the Court, delivered by
Whitehead, J.
The plaintiff has assigned several reasons why the verdict rendered for the defendant in this cause should be set aside.
Eirsfc, Because the judge erred in permitting the defendant to *67 prove the substance of what one Hillegas, a deceased witness, testified on a former trial of the cause. He insists that the language used by the deceased witness should have been proved. This is not necessary. It is sufficient if the witness is able to state the substance of what was sworn to on the former trial, or what he believes to be substantially the words of the witness, not the conclusion to which the words of the deceased witness conducted the mind of the present witness, Greenleaf’s Ev. 196; 1 Phillips’ Ev. 231 and cases in notes part 1, pages 578, 585.
A second objection to the testimony of the defendants witness was, that he did not testify from his recollection, of what the deceased witness said on his examination, but relied upon his notes of the former trial. The witness testified that he had a distinct recollection, independent of his notes, that Hillegas was sworn as a witness, and what he was called upon to prove, and substantially what he then stated ; but for the language used by him, the witness relies upon his notes, taken at the time and which he believes to be correct. This is all that is necessary to legalize the testimony of this witness, and more than can ordinarily be expected.
Thirdly, Because the judge erred in admitting in evidence a state of the case on which the rule for a new trial in this cause was argued some years ago. On the trial the defendant was permitted to read from it the testimony as therein set forth, of what deceased witnesses testified to on former trials of the cause. The witness who produced it says, that it was a state of the case made out by the plaintiff’s attorney and presented by him to the witness for examination, and afterwards used on the argument of the rule for a new trial. The testimony as stated in this paper was agreed to by the parties at the time. But there was no agreement between the parties or their counsel, that it should be used here as evidence of what the deceased witness said on former trials.
I do not regard this state of the case as legal evidence for the purpose for which it was offered. Its competency was urged, upon the ground, that it was an admission of the parties or their counsel, and offered as evidence on the trial of the same issue. But this must be taken in connexion with the object for which the admission was made, and the purpose for which it was to be used. *68 These cases are prepared with a view to some particular questions raised by counsel for the consideration of the court; and hence much of what .the witnesses may have testified to, not having any relevancy to these points, is oftentimes by consent omitted ; or when there is a difference in the recollection of the evidence by counsel, or a discrepancy in their notes, a case may be and frequently is agreed to, essentially variant from the evidence, except so far as it may have a bearing upon the questions to be submitted to the court. They are prepared for the specific purpose of being used as admissions before the court on the argument, and it would be of dangerous tendency to regard them as, admissions for any other purpose. In the language of the Supreme Court of the State of New York, in Elting v. Scott, 2d John. Rep. 157, “ these cases are a species of testimony which ought not, perhaps, in any case, to be admitted, unless when the admission is, made, a condition of granting'a new trial; nor has it been the practice to admit them. They are generally drawn by counsel without any communication with the parties, and often with a view to bring before the court some particular point unconnected with much of the narrative part of the case, and which for that reason may have passed without criticism or attention.
Justices White and Elmer having been retained as counsel in. the cause before coming upon the bench, gave no opinions.

Rule made absolute.

Cited in Boston v. Morris, 1 Dutch. 175.