594 A.2d 1338

STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. ROBERT
JOSEPH FARRELL, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued April 30, 1991—Decided July 25, 1991.

Before Judges PRESSLER, DEIGHAN and ARNOLD M. STEIN.

*Donald S. Goldman* argued the cause for appellant (*Harkavy, Goldman, Goldman & Caprio, P.A.,* attorneys; *Donald S. Goldman* on the brief and letter reply brief).

*Arthur S. Safir,* Deputy Attorney General, argued the cause for respondent (*Robert J. Del Tufo,* Attorney General, attorney; *Arthur S. Safir,* of counsel and on the letter brief).

The opinion of the Court was delivered by

ARNOLD M. STEIN, J.A.D.

Defendant was found guilty of second degree aggravated assault, *N.J.S.A.* 2C:12–1b(1). The jury found him not guilty of attempted murder, *N.J.S.A.* 2C:11–3a(1) or (2). The trial judge sentenced defendant to a presumptive seven-year prison term (*N.J.S.A.* 2C:44–1f(1)(c)) and imposed a $30 VCCB penalty. We reverse because the trial judge incorrectly instructed the jury on the various elements and degrees of aggravated and simple assault and because the judge improperly instructed the jury to consider the elements of defense of real property, *N.J.S.A.* 2C:3–6.

On the evening of August 7, 1988, the Netherwood Avenue neighborhood in Plainfield held a block party which extended from one end of that street to the other, with police barricades on each end. The party's sponsors had obtained a police permit which allowed the party to last from 12:00 noon to 10:00 p.m. By 9:45 p.m. the cleanup work had begun and the party was drawing to a close. Some picnic tables still remained and some people were still in the street. Thomas Farrell, the defendant's brother, drove his car through an opening in the barricades and drove the length of the street. As he drove through, Thomas exchanged obscenities with some of the block party participants. When he reached the driveway of his parents' house,

located around the corner from the block party, Thomas realized he had been followed by a group from the party.

When Thomas got out of his car, he was confronted by Gary Surowiec and several other people from the block party. A melee ensued. Thomas Farrell's older brother, Richard, came onto the lawn and tried to break up the fight. Richard's mother saw the fight from inside her house. She alerted her husband and another son, defendant Robert Joseph Farrell, and then called the police.

After his mother screamed to him that Thomas was being beaten, defendant grabbed an aluminum bat from his softball bag and ran outside. He testified that one person was holding Thomas in a full nelson grip, while the victim was holding Thomas's hands. When defendant saw Surowiec kick Thomas in the stomach, defendant swung his bat at Surowiec. According to defendant's trial testimony, he swung the bat intending to hit the victim in the chest, but when the victim ducked, the bat struck him in the head.

Surowiec suffered a fractured skull, fracture of the bone, with indentation into the brain, and hemorrhaging to the other side of the skull into the brain. A plate was placed in his head to cover the area of the depressed fracture.

The trial judge correctly instructed the jury on the elements of second degree aggravated assault as set forth in *N.J.S.A.* 2C:12–1b(1):

> b. Aggravated assault. A person is guilty of [second degree] aggravated assault if he:
>
> (1) Attempts to cause serious bodily injury to another, or causes such injury purposely or knowingly, or under circumstances manifesting extreme indifference to the value of human life recklessly causes such injury;....

The judge then proceeded to instruct the jury on the elements of the lesser included offense of simple assault, *N.J.S.A.* 2C:12–1a(1):

> a. Simple assault. A person is guilty of assault if he:
>
> (1) ... purposely, knowingly or recklessly causes bodily injury to another;....

He declined defendant's request to instruct the jury on the elements of third and fourth degree aggravated assault with a deadly weapon, as set forth respectively in *N.J.S.A.* 2C:12–1b(2) and (3):

> b. Aggravated Assault. A person is guilty· of aggravated assault if he:
>
> . . . .
>
> (2) Attempts to cause or purposely or knowingly causes bodily injury to another with a deadly weapon; or
>
> (3) Recklessly causes bodily injury to another with a deadly weapon;....

By proceeding from the instruction on the elements of second degree aggravated assault to those for the lesser included offense of simple assault, the judge erroneously omitted the lesser third degree offenses defined in *N.J.S.A.* 2C:12–1b(2). The instruction also omitted another type of assault obviously contemplated by the statute as an included offense: It is a fourth degree crime under *N.J.S.A.* 2C:12–1b(3) to recklessly cause serious bodily injury to another with a deadly weapon but *not* "under circumstances manifesting extreme indifference to the value of human life."

Reckless conduct "manifesting extreme indifference to the value of human life," an element of second degree aggravated assault, is significantly more serious than ordinary reckless conduct. *See State v. Curtis,* 195 *N.J.Super.* 354, 367, 479 *A.*2d 425 (App.Div.1984), *certif. denied,* 99 *N.J.* 212, 491 *A.*2d 708 (1984).

> A person acts recklessly with respect to a material element of an offense when he consciously disregards a substantial and unjustifiable risk that the material element [serious bodily harm] ... will result from his conduct. The risk must be of such a nature and degree that, considering the nature and purpose of the actor's conduct and the circumstances known to him, its disregard involves a gross deviation from the standard of conduct that a reasonable person would observe in the actor's situation. "Recklessness," "with recklessness" or equivalent terms have the same meaning. *N.J.S.A.* 2C:2–2b(3).

The trial judge correctly instructed the jury that "extreme indifference to human life" was "conduct that indicates that life does not matter ... a pronounced or unusual or violent failure

to accord any importance or value to human life." Model Jury Charges (Title 2C), *N.J.S.A.* 2C:12–1.

However, we do not read the statute to mean that a person can be guilty either of (1) second degree aggravated assault if he or she recklessly caused serious bodily harm to another under circumstances manifesting extreme indifference to the value of human life; or (2) the disorderly persons offense of simple assault if he or she recklessly caused bodily injury, but not serious bodily injury, to another, but cannot be guilty of a culpable assault if he or she recklessly, but not under circumstances manifesting extreme indifference to the value of human life, caused serious bodily injury to another. We will not interpret the statute to exclude such conduct from culpability under our Code of Criminal Justice, an absurd result contrary to the obvious legislative purpose. *Schierstead v. Brigantine,* 29 *N.J.* 220, 230–31, 148 *A.*2d 591 (1959); *Sabella v. Lacey Tp.,* 204 *N.J.Super.* 55, 60, 497 *A.*2d 896 (App.Div.1985). Instead, we will read the statute in a manner which accords with the probable legislative intent. *Roman v. Sharper,* 53 *N.J.* 338, 342, 250 *A.*2d 745 (1969).

Reckless conduct resulting in serious bodily harm must be considered as an included offense of second degree aggravated assault because "it is established by proof of the same ... facts required to establish the commission of the offense charged." *N.J.S.A.* 2C:1–8d(1). *State v. Sloane,* 111 *N.J.* 293, 301–03, 544 *A.*2d 826 (1988). Defendant is entitled to an instruction as to any included offense for which there exists sufficient evidence for a reasonable jury to find in his favor. *State v. Powell,* 84 *N.J.* 305, 317, 419 *A.*2d 406 (1980). The jury should have been instructed to consider whether defendant was guilty of any of the following assaults:

1. Purposely or knowingly causing serious bodily injury to the victim or causing him serious bodily injury recklessly under such circumstances manifesting extreme indifference to the

value of human life (second degree aggravated assault, *N.J.S.A.* 2C:12–1b(1));

2. Purposely or knowingly causing any kind of bodily injury to the victim, whether serious or not, with a deadly weapon (third degree aggravated assault, *N.J.S.A.* 2:C12–1b(2));

3. Recklessly causing any kind of bodily injury to the victim, whether serious or not, with a deadly weapon (fourth degree aggravated assault, *N.J.S.A.* 2C:12–1b(3));

4. Purposely or knowingly causing bodily injury to the victim (simple assault, a disorderly persons offense, *N.J.S.A.* 2C:12–1a(1)), if the jury finds that the baseball bat wielded by defendant was not a deadly weapon as defined by *N.J.S.A.* 2C:11–1(c): an "instrument ... which in the manner it is used or intended to be used, is known to be capable of producing death or serious bodily injury;"

5. Recklessly causing any kind of bodily injury to the victim, whether serious or not (simple assault, a disorderly offense, *N.J.S.A.* 2C:12–1a(1)), again assuming that jury finds that the baseball bat used by defendant was not a deadly weapon.

The question of whether the victim sustained serious bodily injury, one which "create[d] a substantial risk of death" or "which cause[d] serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ" (*N.J.S.A.* 2C:11–1b) was for the jury to determine. *State v. Sloane, supra,* 111 *N.J.* at 298, 544 *A.*2d 826.

█ We reject the State's contention that defendant was not entitled to have the jury consider the lesser included offenses of *N.J.S.A.* 2C:12–1b(2) or (3) because neither count of the indictment charged him with possessing or using a deadly weapon. *State v. Sloane, supra,* 111 *N.J.* at 301–04, 544 *A.*2d 826. Defendant requested that the included offenses be charged. He could not thereafter claim prejudice if the jury had been so instructed. *Id.* at 303–04, 544 *A.*2d 826. Additionally, the prosecutor vigorously urged the jury to consider that they

could find defendant guilty of attempted murder because he used a baseball bat against the victim.

■ Over defense counsel's objection the trial judge instructed the jurors that they could consider whether defense of his parents' premises was a justification for defendant's conduct pursuant to *N.J.S.A.* 2C:3–6. The evidence did not support this charge. Defendant did not offer proof that he was defending his parents' property against the victim and his companions. He claimed to be defending his brother Thomas whom he perceived to be under attack and in great danger. *N.J.S.A.* 2C:3–5. This unwanted and inapplicable defense of premises instruction, superimposed upon the instructions relating to defense of others, added confusion and misinformation to an already long and complex jury charge. We reproduce part of the judge's lengthy instruction on defense of property:

> Now, the position put forth here, as you've heard it, and it is necessary to his defense of property, is that Gary Surowiec was a trespasser. That he was not licensed or privileged to be on the Farrell property. *And that he remained there having been given notice against the trespass by an actual communication to him.*
>
> What does that translate down to? That this would be the position that he became the trespasser because he was on that property, he had no license to be there and he'd been told to get off. ....
>
> Now, I told you that a defense was raised about the defense of property and there is a statute which says that you can use force in defense of the premises. We're talking here about property. The use of force upon or toward a person of another is justifiable when the actor, the one who is going to use the force, is licensed or privileged to be on the premises and he reasonably believes such force necessary to prevent or terminate what he reasonably believes to be the commission or attempted commission of a criminal trespass by another person in or upon those premises.
>
> Now, there are limitations on the use of force in defense or premises. The use of force is justifiable under this section only if the actor first requests the person against whom the force is used to desist from his interference with the property.
>
> Now, there's a further limitation on that. That request that he desist. It wouldn't be necessary if the actor reasonably believed that the request would be useless or that it would be dangerous to himself or another to make the request. *Or substantial harm would be done to the physical condition of property which is sought to be protected before the request could effectively be made.*

Now, further caveat, or qualification. The use of force is not justifiable under this section, that is in defense of property, *if the actor knows that the exclusion of the trespasser will expose him, meaning the trespasser, to substantial danger or serious bodily harm.* And secondly, the use of deadly force is not justifiable, under this section, unless the actor reasonably believes that—and then there are given certain things that he must believe. For example, a person against whom the force is used, *the actor must believe that the person against whom the force is used is attempting to dispossess him of a dwelling. Or the person against whom the force is used is attempting to commit or consummate an arson, a burglary, a robbery or other criminal theft, or property destruction.* [emphasis added].

This instruction, studded with legal principles totally inapplicable to the facts of this case, could only confuse the jurors. This totally inappropriate instruction on defense of property was frequently in conflict with the judge's charge on how to evaluate defendant's claim that he was protecting his brother against physical harm from the victim and his friends.

■ "[A]ppropriate and proper jury instructions are essential to a fair trial." *State v. Green,* 86 *N.J.* 281, 287, 430 *A.*2d 914 (1981), *cited in State v. Whitted,* 232 *N.J.Super.* 384, 391, 557 *A.*2d 327 (App.Div.1989). Erroneous instructions on matters which are material to the jury's deliberations are presumed to be reversible error. *State v. Grunow,* 102 *N.J.* 133, 148, 506 *A.*2d 708 (1986). We have considered the charge as a whole. *State v. Wilbely,* 63 *N.J.* 420, 422, 307 *A.*2d 608 (1973). The superfluous instruction on defense of property rendered it fatally defective.

Reversed and remanded to the Law Division for new trial.