671 A.2d 1112

STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT,
v. JOCELYN REESE, DEFENDANT–APPELLANT.

STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT,
v. KEVIN REDD, DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted January 17, 1996—Decided March 6, 1996.

134

Before Judges DREIER, A.M. STEIN and KESTIN.

*Susan Reisner*, Public Defender, attorney for appellants (*Maria I. Lewie*, Designated Counsel for appellant Reese, and *Michael C. Kazer*, Designated Counsel for appellant Redd, on the respective briefs).

*Clifford J. Minor,* Essex County Prosecutor, attorney for respondent (*Raymond W. Hoffman,* Assistant Prosecutor, of counsel and on the letter briefs).

The opinion of the court was delivered by

KESTIN, J.A.D.

Appellants were codefendants. Each had been charged with murder, second degree conspiracy to commit murder, third degree possession of a weapon for unlawful purpose, and fourth degree unlawful possession of a weapon.

The circumstances from which the charges arose began with a fight between defendant Redd and Victor Liggins, one of a group of young men who were congregated at an intersection in Irvington. The fight broke out in a store and spilled outside onto the sidewalk. Members of Liggins's group moved to help him. Redd escaped from the group and ran away, with several members of the group in pursuit. Defendant Reese, who had come to the area with Redd, had just stepped out of another store when Redd ran past her. Witnesses testified that Reese removed a knife from her purse and said to Redd, "here's the knife, take it" and "Kevin, take the knife, stab him"; that Redd stopped running and took the knife from Reese; and that as the victim, a member of the group, caught up with Redd and punched him in the face, Redd stabbed the victim, who collapsed and died.

The conspiracy charge was dismissed. The jury convicted each defendant of lesser included aggravated assault (defendant Reese as an accomplice) and the two weapon offenses.

The sentences were identical. Each defendant was ordered to serve a term of imprisonment for seven years on the merged convictions for aggravated assault and possession of a weapon for unlawful purpose, with a concurrent term of one year for the unlawful possession of a weapon conviction. Aggregate VCCB penalties of $150 each were also imposed.

On appeal, defendant Reese raises the following issues:

POINT I TRIAL COURT ERRED IN FAILING TO IMPOSE SENTENCE PURSUANT TO *N.J.S.A.* 2C:44–1(f)(2).

POINT II TRIAL COURT ERRED IN IMPOSING PRESUMPTIVE SENTENCE BECAUSE AGGRAVATING AND MITIGATING FACTORS WERE NOT IN EQUIPOISE.

POINT III IT WAS ERROR FOR THE TRIAL JUDGE TO PERMIT THE PROSECUTOR IN SUMMING UP TO MAKE COMMENTS WHICH WERE CLEARLY PREJUDICIAL TO THE DEFENDANT.

POINT IV TRIAL COURT'S FAILURE TO INSTRUCT THE JURY ON ALL TYPES OF ASSAULTS WAS ERRONEOUS. (Not Raised Below)

POINT V TRIAL COURT FAILED TO PROPERLY CHARGE THE JURY AS TO ACCOMPLICE LIABILITY. (Not Raised Below)

Defendant Redd raises the following issues:

POINT I THE TRIAL COURT VIOLATED DEFENDANT'S RIGHT TO A FAIR TRIAL BY EXCLUDING EXCULPATORY EVIDENCE.

POINT II PROSECUTORIAL IMPROPRIETIES COMMITTED DURING SUMMATION DEPRIVED DEFENDANT OF A FAIR TRIAL. (Partially Raised Below)

A. THE PROSECUTOR UNDERMINED THE PRESUMPTION OF INNOCENCE. (Not Raised Below)

B. THE PROSECUTOR COMMENTED ON THE DEFENDANT'S DECISION NOT TO TESTIFY. (Not Raised Below)

C. THE PROSECUTOR IMPROPERLY DENIGRATED DEFENSE COUNSEL. (Not Raised Below)

D. THE PROSECUTOR SUGGESTED THAT HE WAS AWARE OF FACTS OUTSIDE OF THE EVIDENCE. (Raised Below) (sic)

E. THE COURT'S GENERAL INSTRUCTIONS TO THE JURY ON BURDEN OF PROOF, PRESUMPTION OF INNOCENCE, PRIOR CONVICTION EVIDENCE AND REASONABLE DOUBT WAS INCAPABLE OF CURING THE CUMULATION OF PREJUDICE.

POINT III THE COURT SHOULD NOT HAVE GIVEN A FLIGHT CHARGE.

POINT IV ADMISSION OF "EXCITED UTTERANCE" TESTIMONY WAS IMPROPER AND DEPRIVED DEFENDANT OF A FAIR TRIAL.

We consolidate the appeals for the purpose of decision. Our review of the record in the light of the arguments advanced by the parties, discloses that the issues raised by each defendant on appeal are clearly without merit. *R.* 2:11–3(e)(2). We address several briefly.

In defendant Redd's last point, he challenges the admission, as excited utterances, *see N.J.R.E.* 803(c)(2), of a police officer's summaries of the statements of several witnesses. The police

came on the scene shortly after the incident. One of the officers asked if anyone in the surrounding crowd had information relating to the incident. Several persons said they did. The portion of the officer's report that summarized what one of these individuals told him was read into the record:

> He said he observed actor and victim involved in a fist fight. He further observed actor stab victim with a knife. Actor then ran west on Springfield Avenue to 40th Street, and got into a beige Toyota Celica, driven by a female, that the beige Toyota Celica fled south on 40th Street.

The officer, in his testimony, also summarized the statements of three other witnesses.

> All three of them told me that there was a fight, a fight there between the actor and the victim, that a black female produced a knife from her pocketbook and gave it to the actor, and the female stated, stab him, stab him, and the actor then stabbed the victim.

The gravamen of the issue propounded by defendant Redd is that, because the statements as reported were the police officer's summaries of what the witnesses told him, they were tainted by the police officer's investigation and bias. Defendant also points out that there was no identification in the second statement as to what was said by each declarant. In summary, defendant argues that "[n]one of the traditional indicia of trustworthiness which justifies admission of excited utterances existed."

 The trial judge's evidentiary ruling admitting the testimony of the police officer summarizing the statements of eyewitnesses at the scene as qualifying under *N.J.R.E.* 803(c)(2) was correct. This rule does not require that excited utterances, in order to be admissible as exceptions to the hearsay rule, must be reported *in haec verba*, especially when they are, as some were here, combined in a report of the similar statements of several observers who were interviewed contemporaneously.

> The general rule, universally accepted, is therefore that the substance or effect of the actual words spoken will suffice, the witness stating this substance as best he can from the impression left upon his memory.
>
> [7 *Wigmore on Evidence* § 2097, at p. 609 (Chadbourn rev. 1978) and cases cited therein.]

*See also United States v. Castro*, 813 *F*.2d 571, 576 (2nd Cir.), *cert. denied*, 484 *U.S.* 844, 108 *S.Ct.* 137, 98 *L.Ed.*2d 94 (1987); *Sloan v. Somers*, 20 *N.J.L.* 66, 67 (1843); *cf. Nager Elec. Co. v. Charles Benjamin, Inc.*, 317 *F.Supp.* 645, 646–48 (E.D.Pa.1970), *aff'd*, 466 *F*.2d 588 (3d Cir.1972). As long as the conditions of the rule are met to qualify the statements for admission as excited utterances, the arguments advanced by defendant go, not to the admissibility of the statements reported, but rather to the weight, if any, to be accorded them as reported by the police officer. Such "taint" as defendant attributes to the summarized statements are issues for the trier of fact.

As to the one point common to the briefs of both defendants, we agree that certain comments of the trial prosecutor in his summation were excessive and improper. It is clear, however, that the trial judge effectively protected defendants from undue prejudice by appropriate instructions to the jury. *State v. Marshall*, 123 *N.J.* 1, 159, 161, 586 *A.*2d 85 (1991); *State v. Darrian*, 255 *N.J.Super.* 435, 455, 605 *A.*2d 716 (App.Div.), *certif. denied*, 130 *N.J.* 13, 611 *A.*2d 651 (1992).

The trial judge's instructions to the jury on substantive issues were also appropriate. The jury was properly charged on the types and degrees of assault for which there were bases in the evidence. Further, the charge, considered as a whole along with the verdict sheet which the jury used, provided the jury with adequate guidance on the difference between reckless conduct "manifesting extreme indifference to the value of human life", *N.J.S.A.* 2C:12–1b(1), a second degree crime, and reckless conduct not manifesting such extreme indifference, a fourth degree crime under *N.J.S.A.* 2C:12–1b(3). *See State v. Farrell*, 250 *N.J.Super.* 386, 390, 594 *A.*2d 1338 (App.Div.1991).

We also discern that the charge in respect of Defendant Reese's criminal liability as an accomplice adequately informed the jury that it was to evaluate each co-defendant's responsibility separately, that it was to make an independent determination as to each that he or she had the purpose to participate in the crime, *State v.*

*Weeks,* 107 *N.J.* 396, 409–10, 526 *A.*2d 1077 (1987), and that it could determine an accomplice to be guilty of a different degree of crime than the principal if it found their respective intents to be different, *State v. Bielkiewicz,* 267 *N.J.Super.* 520, 527–28, 632 *A.*2d 277 (App.Div.1993).

Finally, we discern no abuse of discretion on the part of the trial judge in the sentences imposed. There was ample basis in the record to support the trial judge's discretionary determinations in this regard.

The convictions and sentences of both defendants are affirmed.