793 A.2d 875

MICHAEL T. CERAME, PLAINTIFF–RESPONDENT, v. TOWNSHIP
COMMITTEE OF THE TOWNSHIP OF MIDDLETOWN IN THE
COUNTY OF MONMOUTH, NEW JERSEY, DEFENDANT–AP-
PELLANT.

Superior Court of New Jersey
Appellate Division

Argued March 18, 2002—Decided April 3, 2002.

Before Judges HAVEY, COBURN and WEISSBARD.

*Bernard M. Reilly,* argued the cause for appellant (*Dowd & Reilly,* attorneys; *Mr. Reilly,* on the brief).

*Larry S. Loigman,* argued the cause for respondent.

The opinion of the court was delivered by

COBURN, J.A.D.

Plaintiff,[1] who had recently sold real property in the Township of Middletown, sued in the Special Civil Part[2] to cancel an erroneous assessment on that property and to recover excess taxes paid for the years 1996 through 1999. By mistake, the higher assessment intended for an adjoining parcel owned by another had been placed on his parcel. The action was based on the following provision of *N.J.S.A.* 54:4–54:

> Where by mistake an assessment intended for one parcel has been placed upon another, the governing body may cancel the erroneous assessment, return without interest any money paid by one not the owner of the parcel intended to be assessed, and enter upon the record the assessment and tax against the proper parcel, after a hearing upon five days' notice to the owner.

The case was submitted to the trial court on defendant's motion for summary judgment. Although its motion did not include the required statement of material facts or any supporting affidavit, *R.* 4:46–2(a), and was opposed only by a brief asking that the motion be denied, there were no disagreements of fact in the briefs. The trial court denied defendant's motion and, on its own motion, entered judgment for plaintiff in the amount of $1,139.27, representing his overpayments of real estate taxes for the years in

---

[1] The record suggests that the other owner was plaintiff's wife. Since she would appear to be a necessary party, *R.* 4:28–1(a)(2), the complaint should have identified her and stated the reason for her omission. *R.* 4:28–1(c). Given the relationship in question and our resolution of the case, we are satisfied, nonetheless, that our exercise of jurisdiction is appropriate. *Cf. Raynor v. Raynor,* 319 *N.J.Super.* 591, 602, 726 *A.2d* 280 (App.Div.1999) (citing *Ross v. Ross,* 308 *N.J.Super.* 132, 143–44, 705 *A.2d* 784 (App.Div.1998) and Pressler, *Current N.J. Court Rules,* comment on *R.* 4:28–1.).

[2] This action, though not so designated, as required by *Rule* 4:69–1, is really one in lieu of prerogative writs. *See Farmingdale Realty Co. v. Bor. of Farmingdale,* 55 *N.J.* 103, 108, 259 *A.2d* 708 (1969). Consequently, the Special Civil Part did not have jurisdiction. *R.* 4:69–1. Although the record does not contain an order transferring the case, *see R.* 4:3–4 and *R.* 6:4–1, somehow, whether formally or informally, it came before the Law Division for determination. Consequently, since no objection is now raised on this point, we will treat the case as if it had been properly transferred to the Law Division.

question. We affirm in part, reverse in part, and remand for further proceedings.

In its presentation to the trial court, defendant unfortunately failed to mention a significant statute on which it now relies; namely, *N.J.S.A.* 54:51A–7, which reads as follows:

The tax court may, upon the filing of a complaint at any time during the tax year or within the next 3 tax years thereafter, by property owner, a municipality or a county board of taxation, enter judgment to correct typographical errors, errors in transposing, and mistakes in tax assessments, provided that such complaint shall set forth the facts causing and constituting the error or errors and mistake or mistakes, or either thereof sought to be corrected and that such facts be verified by affidavits submitted by the plaintiff. The tax court shall not consider under this section any complaint relating to matters of valuation involving an assessor's opinion or judgment. Any complaint so submitted shall contain a certification that a copy of the complaint and all exhibits thereto have been filed with the county board, and served upon the property owner or the municipality, or both, as may be appropriate in the case of each plaintiff. Any party required to receive a copy of the complaint pursuant to this section may file an answer to the complaint with the tax court pursuant to rules of court. The tax court may require further proof and grant or deny the complaint as it may deem necessary or proper.

Plaintiff has expressed no objection to our considering the impact of this statute on *N.J.S.A.* 54:4–54. Since a proper resolution of this issue is of special significance to the public and the record is sufficiently complete to permit its adjudication, we will consider it even though it was not raised below. *See, e.g., Alan J. Cornblatt, P.A. v. Barow,* 153 *N.J.* 218, 230, 708 *A.*2d 401 (1998); Pressler, *Current N.J. Court Rules,* comment on *R.* 2:6–2 (2002).

Plaintiff and his wife, some years before 1996, purchased a single-family house at 27 Downing Street in Middletown. In 1995, Middletown renumbered its blocks and lots. During that process, it committed a clerical mistake: the proper assessment for plaintiff's lot—$221,900—was placed on an adjacent lot, while the adjacent's proper assessment—$232,800—was placed on plaintiff's lot. The result was that beginning in 1996, the assessment on plaintiff's lot was $10,900 more than it had been in 1995. Consequently, plaintiff overpaid his real estate taxes by: $277.08 in 1996; $282.53 in 1997; $287.54 in 1998; and $292.12 in 1999. The total overpayment was $1,139.27. On March 3, 2000, plaintiff sold

the lot for $285,000. While preparing for the closing, he learned of the 1995 clerical mistake. At some unspecified time thereafter, plaintiff filed a petition with Middletown's governing body asking for relief under *N.J.S.A.* 54:4-54. The governing body took no action on the petition. On November 5, 2000, plaintiff filed the subject complaint.

 Since 1903, the Legislature has enacted and revised statutes addressing the problem of correcting "mistakes" in local real estate assessments. Now, two applicable statutes exist: *N.J.S.A.* 54:4-54 [3] and *N.J.S.A.* 54:51A-7 (quoted above). Under both statutes, "mistakes" do not include assessments resulting from the exercise of judgment or discretion by the assessor. *Farmingdale Realty Co. v. Bor. of Farmingdale*, 55 *N.J.* 103, 110, 259 *A.*2d 708 (1969); *Hovbilt, Inc. v. Township of Howell*, 138 *N.J.* 598, 618, 651 *A.*2d 77 (1994).

Respecting *N.J.S.A.* 54:4-54, the Court put it this way:

---

[3] This statute, a portion of which is quoted above, reads in full as follows:

Where by mistake property real or personal has been twice entered and assessed on the tax duplicate, the governing body of the taxing district or county board of taxation may order and cause the tax record to be corrected and if the tax has been twice paid the governing body of the taxing district shall refund the excessive payment without interest. Where by mistake an assessment intended for one parcel has been placed upon another, the governing body may cancel the erroneous assessment, return without interest any money paid by one not the owner of the parcel intended to be assessed, and enter upon the record the assessment and tax against the proper parcel, after a hearing upon five days' notice to the owner. Where one person has by mistake paid the tax on the property of another supposing it to be his own, the governing body after a hearing, on five days' notice to the owner, may return the money paid in error without interest and restore the record of the assessment and tax against the property in the name of the true owner, provided the lien of the tax has not expired and no transfer or encumbrance has been put on record against the property since the date of the payment in error. No assessment of real or personal property shall be considered invalid because listed or assessed in the name of one not the owner thereof, or because erroneously classed as the land of an unknown or nonresident owner.

> Of course, the provision would not be applicable where the mistake related ... to an error in the description of the property, as for example its size or the nature of the building thereon, which resulted in an incorrect assessment. Such mistakes go essentially to valuation and are remediable by appeal to the county board.
>
> [*Farmingdale, supra,* 55 *N.J.* at 110, 259 *A.*2d 708.]

Respecting *N.J.S.A.* 54:51A–7, the Court put it this way:

> Accordingly, we hold that mistakes in assessments that are indisputable, and cannot plausibly be explained on the basis of an exercise in judgment or discretion by the assessor or his or her staff, are within the category of mistakes that can be corrected under the statute. Based on our characterization of the category of mistaken but correctable assessments, we hold further that the correct assessment must readily be inferable or subject to ready calculation on the basis of the assessment mistake for which correction is authorized.
>
> [*Hovbilt, supra,* 138 *N.J.* at 618–19, 651 *A.*2d 77.]

■ The error that occurred in this case is clearly a "mistake" under either statute. The question, to which we now turn, is whether plaintiff is entitled to relief, and if so, to what extent. We hold that under either statute, plaintiff has the right to recover payments resulting from mistakes by the taxing district for the three years preceding the filing of the complaint. Accordingly, we affirm the judgment for the years 1997 through 1999, but reverse the judgment insofar as it allows recovery for 1996.

■■ The Legislature first enacted a statute for the correction of mistakes in real estate tax assessments in 1903. That law, *L.* 1903, c. 208, § 30, has remained essentially unchanged and is now embodied in *N.J.S.A.* 54:4–54, the statute on which plaintiff relied. This law provides relief in three situations: (1) duplicate assessments on one parcel; (2) assessment intended for one parcel mistakenly placed upon another; and (3) mistaken payment of the tax on another's property supposing it to be one's own. With respect to the first situation, covered by the first sentence of the statute, relief may be granted either by the governing body of the taxing district or the County Board of Taxation; moreover, if the tax has been "twice paid," the statute mandates a refund by the governing body, though without interest. The remaining provisions contain no mandatory language, apparently, instead, leaving

the issue of relief entirely to the discretion of the governing body of the taxing district.

In *Farmingdale, supra,* the Court was confronted by an action brought under the first sentence of *N.J.S.A.* 54:4–54, i.e., the one concerning duplicate assessments. 55 *N.J.* at 105, 259 *A.*2d 708. However, it is clear from the opinion that the same result would have obtained if the mistake had fallen under the other two types of error. *Id.* at 109–10, 259 *A.*2d 708.

The mistakes occurred in 1962, 1963, 1964, and 1965. *Id.* at 107–08, 259 *A.*2d 708. In 1965, the taxpayer appealed that year's assessment to the County Board of Taxation under *N.J.S.A.* 54:3–21, which has since been accurately described as "the standard tax-appeal process...." *Hovbilt, supra,* 138 *N.J.* at 604, 651 *A.*2d 77. The duplication mistakes were discovered during that litigation and were conceded by the municipality; however, the correction was made for 1965 only as that was the only year under appeal. *Farmingdale, supra,* 55 *N.J.* at 108, 259 *A.*2d 708. Thereafter, the taxpayer promptly, but without success, applied for relief under *N.J.S.A.* 54:4–54 to the governing body and then to the County Board of Taxation. *Ibid.* After its petition was rejected by the latter, it promptly filed suit in the Law Division without appealing to the state Division of Tax Appeals, which was then the administrative agency that reviewed decisions by the county boards of taxation. *Id.* at 109, 259 *A.*2d 708. The municipality prevailed in the Law Division and thereafter in the Appellate Division, which concluded that relief could be granted under the first sentence of *N.J.S.A.* 54:4–54 in the circumstances of this case only if a timely appeal had been filed with the county board pursuant to *N.J.S.A.* 54:3–21. *Id.* at 109, 259 *A.*2d 708.

The Supreme Court rejected the views expressed by the Appellate Division as inconsistent with the legislative intent, *Farmingdale, supra,* 55 *N.J.* at 109–11, 259 *A.*2d 708, observing that "[i]t is only just that the municipality and not the wronged taxpayer should bear the burden of the unilateral clerical errors of an assessor resulting in the payment of taxes to which the municipali-

ty is not entitled." *Id.* at 111, 259 *A.*2d 708. The Court concluded that a taxpayer aggrieved by a mistake, could pursue relief under either *N.J.S.A.* 54:3–21 or 54:4–54. *Ibid.* It also suggested that even without the benefit of a statutory relief mechanism, relief might be sought in "equity on the ground of mutual mistake." *Ibid.* (citations omitted). It rejected the contention that the taxpayer failed to exhaust administrative remedies by not appealing to the Division of Tax Appeals because the matter involved an issue of law "not calling for the exercise of administrative expertise." *Id.* at 112, 259 *A.*2d 708. And, finally, it rejected the municipality's claim that the action was barred by laches. *Id.* at 112–13, 259 *A.*2d 708.

In rejecting the laches argument, the Court observed that "*N.J.S.A.* 54:4–54 prescribes no time limit within which an application to correct assessment mistakes and obtain a refund must be made." *Id.* at 113, 259 *A.*2d 708. Nonetheless, the Court went on to indicate that some time limitation would be appropriate by saying, "We need not here decide what limitation should apply because plaintiff acted without undue delay." *Ibid.*

Despite the Court's indication of the necessity for some form of time limitation for actions arising under *N.J.S.A.* 54:4–54, in *McShain v. Township of Evesham,* 163 *N.J.Super.* 522, 395 *A.*2d 251 (Law Div.1978), the trial court permitted a taxpayer to recover refunds for mistakes going back some twenty years. *Id.* at 528–29, 395 *A.*2d 251. While we cannot say with certainty, it appears probable that *McShain* prompted the Legislature to address the problems created by long-delayed taxpayer actions for refunds due to mistakes. Acting in 1979, it achieved that result, not by amending *N.J.S.A.* 54:4–54, but by amending what the Court has described as the "Correction of Errors statute," referring to what is now *N.J.S.A.* 54:51A–7. *Hovbilt,* 138 *N.J.* at 604, 651 *A.*2d 77. The Court described the development of this law in the following manner:

> The Correction of Errors statute is an exception to the standard tax-appeal process authorized by *N.J.S.A.* 54:3–21. The statute provides an extended period of relief after the deadline for appeal to the county board or to the Tax Court has

passed. "The correction of certain types of assessor's errors requires a longer statute of limitations." *Van Winkle v. Borough of Rutherford,* 12 *N.J.Tax* 290, 293 (Tax 1992).

The Legislature first enacted the Correction of Errors statute in 1905. Section 5 of Chapter 67, P.L.1905, allowed the State Board of Tax Appeals to correct errors at any time. The only requirement was consent of the mayor or assessor of the municipality affected. *L.* 1905, *c.* 67. In 1946, the Legislature amended the statute, *L.* 1946, *c.* 161, requiring that verifiable facts be set forth in the application to support the correction, but permitting the error to be corrected only if the majority of the governing body of the affected municipality gave its consent.

The Legislature amended the statute again in 1979. *L.* 1979, *c.* 44, § 1; *L.* 1979, *c.* 114, § 8. Those amendments incorporated a number of substantive requirements that remain in effect. The aggrieved party could no longer seek relief at any time, and the taxpayer had to file an application for relief during the tax year or within the ensuing three years. Consent was no longer required to authorize correction of an error. The statute also extended the right of appeal to municipalities and county boards, and conferred jurisdiction in the Tax Court with respect to suits instituted under the statute. *L.* 1979, *c.* 114, § 8. The statute was more specific about the type of errors that could be corrected, limiting the statutory relief only to "typographical errors, errors in transposing, and mistakes in tax assessments." *L.* 1979, *c.* 44, § 1. Taxpayers could not challenge valuations that involved the opinion or judgment of the assessor. *See L.* 1979, *c.* 114, § 8; *see also* State Revenue, Finance and Appropriations Committee, *Statement to Senate Bill No. 1103,* at 1–2 (Sept. 18, 1978) (listing "several substantive changes made in [the correction-of-errors] procedure").

The legislative history indicates that the 1979 amendments were intended to limit the application of the Correction of Errors statute:

> The changes in the process provided in this bill represent a more *carefully defined and limited procedure* consistent with the intent of the Legislature in originally establishing the process in law. The process was established to permit a timely correction of administrative errors, avoiding the need for a formal appeal to be processed. It is not intended that this process be used for settlement of challenges of an assessors [sic] opinion as to value of a parcel of real property or the assessment of property as real property.

> [Senate Revenue, Finance and Appropriations Committee, *Statement to Senate Bill No. 1103,* at 2 (Sept. 18, 1978) (emphasis added).]

> [*Hovbilt, supra,* 138 *N.J.* at 604–05, 651 *A.*2d 77.]

Since both correction-of-errors statutes are intended to correct the same wrongs, it would be anomalous, at the least, to conclude that the result of a taxpayer's suit should turn on the court in which the action was brought. More importantly, it would be inconsistent with the obvious legislative intent, expressed in *N.J.S.A.* 54:51A–7, to place a time limit on such actions. We do not view *Farmingdale* as requiring any other result since it was

decided before the Legislature introduced any time limits for actions of this sort, and it left open the question of what time limits should be imposed in an action brought under *N.J.S.A.* 54:4–54. Therefore, we hold a suit for the correction of mistakes in real estate tax assessment, whether filed in the Law Division under *N.J.S.A.* 54:4–54 or in the Tax Court under *N.J.S.A.* 54:51A–7, is governed by the three-year limitations period contained in the latter statute. Since this action was filed in 2000, plaintiff is entitled to a judgment correcting the mistakes made in the previous three years, 1997, 1998, and 1999.[4]

Therefore, we reverse the judgment insofar as it permits recovery for 1996, affirm with regard to the other three years, and remand for entry of judgment against defendant in the amount of $862.19 plus costs. However, before judgment is entered, the trial court shall take the necessary steps to insure that plaintiff's wife is made a beneficiary of the judgment unless reasons appear for entry of judgment only in favor of plaintiff.

Affirmed in part; reversed in part; and remanded for further proceedings consistent with this opinion.

---

[4] We should add that our decision does not necessarily limit the power of a municipality to grant a taxpayer more than three-years relief under *N.J.S.A.* 54:4–54, but such action would appear to be entirely discretionary. Also, if an action brought in the Law Division under *N.J.S.A.* 54:4–54 involves a complex question of whether the error is a "mistake" or a matter involving the assessor's judgment, a transfer to the Tax Court, pursuant to *Rule* 4:3–4(a), should be seriously considered. *See, e.g., J.C. Trapper v. City of Jersey City,* 19 *N.J. Tax* 421, 426 (2001).